YANGMING MARINE TRANSPORT
CORP. d/b/a Yangming
Line, Plaintiff,

v.

ELECTRI–FLEX COMPANY,
Defendant.

No. 87 C 5348.

United States District Court,
N.D. Illinois, E.D.

Dec. 30, 1987.

Paul McCambridge, Tribler & Marwedel, Chicago, Ill., for plaintiff.

John F. Atkinson, James L. Siekmann, Hill, Van Santen, Steadman & Simpson, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

GRADY, Chief Judge.

This breach of contract case comes before the court on plaintiff's motion to remand to the Circuit Court of the Eighteenth Judicial Circuit of the State of Illinois, and on defendant's motion for transfer. For the reasons stated below, plaintiff's motion to remand is granted. We do not reach defendant's motion to transfer.

### FACTS

Plaintiff Yangming Marine Transport Corp. ("Yangming") is a Taiwan corporation with its principal place of business in Taipei. Complaint at Count I, ¶ 1. Defendant Electri–Flex is a corporation doing business in Illinois. Answer at Count I, ¶ 2.

Yangming filed a complaint in the Circuit Court of the Eighteenth Judicial Circuit of the State of Illinois on June 5, 1987, alleging that Electri–Flex engaged it to ship two 40–foot marine containers of flexible electric conduit to Bangkok, Thailand in consideration for freight charges totalling $5,800. Complaint at Count I, ¶¶ 3, 5; Count II, ¶¶ 3, 5. Electri–Flex denies that it ever made any agreement with Yangming; rather, it states that it retained an independent contractor, Behring International, Inc. ("Behring"), to ship its goods, and that Behring had sole control and responsibility for the mode of transport used. Answer at Count I, ¶ 3; Count II, ¶ 3.

Defendant Electri–Flex removed the underlying case to this court on June 15, 1987. The jurisdictional allegation in the removal petition stated that

The subject matter of the instant action is related to a bankruptcy case which, upon information and belief, is presently pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas division, known as Case No. 385 31034 11 M, In the Matter of Behring International, Inc., Debtor. Apparently, arising out of that bankruptcy action, a claim has been made by Standard Chartered Bank, PLC, as the secured creditor of Behring International, Inc. for the same monies which are sought by Plaintiff in the present action.... Accordingly, the present action is related to a bankruptcy case giving this court original jurisdiction of this case pursuant to 28 U.S.C. [§] 1334 and 28 U.S.C. [§] 1452.

Petition for Removal at ¶ 3. Defendant then moved for transfer to the United States District Court for the Northern District of Texas, Dallas Division, 28 U.S.C. §§ 1404(a), 1409(a).

Plaintiff responded by moving to remand the cause to the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois. 28 U.S.C. § 1447(c).

### DISCUSSION

Plaintiff alleges it had a contract with defendant. Defendant denies it, and states by way of defense that its shipping is conducted by an independent contractor, Behring, now in a Chapter 7 bankruptcy in Texas.

Defendant removed the cause to this court. Defendant contends that the subject matter of the cause is related to Behring's bankruptcy, because this independent contractor was the middleman in the transaction. Defendant also alleges that Standard Chartered Bank, PLC ("SCB"), a fourth party which is the secured creditor of Behring, now claims the monies which defendant thinks it may owe to Behring rather than to the plaintiff. Defendant seeks transfer to Texas so that it can be told to whom to pay the $5,800.

■ The parties before the court have diversity of citizenship, but the amount in controversy is less than $10,000. Defendant nonetheless argues that this court has jurisdiction. It offers three theories: (1) This case is related to one existing under Title 11, 28 U.S.C. § 1334. (2) This case is in the nature of an interpleader, 28 U.S.C. § 1335. (3) This case arises under admiralty or maritime jurisdiction, 28 U.S.C. § 1333. Whatever the status of the third or fourth parties, this court has jurisdiction only if the legal basis of that jurisdiction is discernable from the matters alleged in the complaint. This is the well-pleaded complaint rule. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for So. California*, 463 U.S. 1, 9–12, 103 S.Ct. 2841, 2846–2848, 77 L.Ed.2d 420 (1983). The facts needed to establish jurisdiction need not necessarily all be evident from the complaint. We can, for example, examine the answer or other papers to determine the citizenship of a party named in the complaint in order to satisfy ourselves that there is true diversity of citizenship. But if the basis for removal is, as here, the existence of a federal question (or admiralty), then the federal question (or admiralty) must be visible on the face of complaint, and not appear first from the answer. "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936).

With this guiding principle in mind, we now take each of defendant's arguments for jurisdiction in turn.

*Jurisdiction Related to Title 11 Action, 28 U.S.C. § 1334*

■ There is no bankruptcy exception to the well-pleaded complaint rule. The relatedness, if any, of this case to a bankruptcy is visible only from the answer. The answer denies the existence of a contract between defendant and plaintiff, and suggests that plaintiff may have had a contract with a third party now in Chapter 7

before the Texas court. The complaint itself makes no mention of this third party, alleging only the existence of a contract with the defendant.

*Interpleader, 28 U.S.C. § 1335*

■ Defendant argues that this court has jurisdiction because this case is in the nature of an interpleader. Defendant argues that statutory interpleader, 28 U.S.C. § 1335, applies to this case. We do not now have statutory interpleader jurisdiction because defendant has not deposited the amount in controversy with the court. 28 U.S.C. § 1335(a)(2); *Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 798 (7th Cir.1980). However, defendant states that it is ready, willing and able to deposit such a sum with the Clerk of this court "pursuant to Rule 68." Defendant's Memorandum in Opposition at 7. We therefore address the merits of defendant's argument for interpleader jurisdiction.

The amount in controversy is over the $500 statutory minimum. 28 U.S.C. § 1335(a). Defendant also states that the parties are diverse. It is not obvious, however, that the claimants are in fact sufficiently diverse for federal statutory interpleader jurisdiction. SCB, the bankrupt's secured creditor, is a United Kingdom corporation with its principal office in London, England. Defendant's Memorandum in Opposition at 7 n. 1. Yangming is a Taiwan corporation headquartered in Taipei. Whether a statutory interpleader action allows a federal court to take jurisdiction of an action in which all the claimants are foreign but the stakeholder is a citizen of a state is unclear. *See* 14 Wright & Miller at § 3636, pp. 85 n. 39, 86. Certainly there is not ordinary diversity among the claimants alone as diversity jurisdiction does not extend to cases between citizens of two foreign states. 28 U.S.C. § 1332; *Montalet v. Murray*, 8 U.S. (4 Cranch) 46, 2 L.Ed. 545 (1807).

Assuming that defendant could meet the diversity requirements for a statutory interpleader by naming Yangming and SCB,[1]

---

1. Some courts have suggested that the stakeholder's citizenship can or should be counted in

the issue before us is whether an affirmative defense in the nature of an interpleader can create federal jurisdiction where it is otherwise absent. Although the interpleader statute is deserving of a broad construction because of its remedial character, we do not think that this construction should be so broad as to defeat the well-pleaded complaint rule. Nothing in the complaint discloses that this action is in the nature of an interpleader, and we therefore find no jurisdiction on this theory.

*Admiralty or Maritime Jurisdiction, 28 U.S.C. § 1333*

The maritime nature of this case is visible from the face of the complaint, which alleges failure to pay on a contract for the carriage of goods by sea. Because there is no diversity jurisdiction, we must decide whether a case which plaintiff styled as a common law action is nonetheless removable as arising under our admiralty jurisdiction. We hold that it is not removable because defendant is a citizen of the state in which the action was brought. The route to this conclusion is somewhat complex.

The admiralty jurisdiction of the federal courts extends to suits on contracts for the carriage of goods by sea. *See United States v. Isthmian S.S. Co.,* 359 U.S. 314, 79 S.Ct. 857, 3 L.Ed.2d 845 (1959); *Allied Chem. Int'l Corp. v. Companhia de Navegacao Lloyd Brasileiro,* 775 F.2d 476, 481 (2d Cir.1985) (breach of contract), *cert. denied,* 475 U.S. 1099, 106 S.Ct. 1502, 89 L.Ed.2d 903 (1986); 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3675 at p. 473 n. 10 (1985 & Supp. 1987) ("Wright & Miller").

■ The admiralty jurisdiction of the federal courts is part of their original and "exclusive" jurisdiction. 28 U.S.C. § 1333. This jurisdiction is not in fact exclusive at all. All common law remedies which would have been available were it not for the admiralty or maritime nature of the case

are preserved by the "saving to suitors" clause of 28 U.S.C. § 1333(1). This clause grants federal district courts original and exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." "Exclusive," therefore,

> is meaningful only insofar as the saving clause fails to nibble away its meaning. Obeying the urge to brevity, one hastens to state that to all intents and purposes *every* claim which can be enforced in admiralty by an *in personam* libel can be enforced in state courts (or in federal courts, on the civil docket, on diversity grounds) by action *in personam.* Thus, so far as such claims go, the exclusivity is *totally illusory.*

Black, *Admiralty Jurisdiction: Critique and Suggestions,* 50 Colum.L.Rev. 259, 265 (1950) (emphasis in original) (footnote omitted). Under the "saving to suitors" clause plaintiffs with a common law claim arising from a transaction over which a federal court would have admiralty jurisdiction may either avail themselves of federal admiralty jurisdiction or sue at law in state court.

The choice between state and federal court actions is not purely an exercise in forum-shopping. Admiralty claims arising under the federal courts' exclusive and original jurisdiction are not entitled to a jury trial. State actions arising under the "saving to suitors" clause are ordinarily entitled to a jury, even when removed to federal court. U.S. Const.Amend. VII. However, the difference in the form of action and source of jurisdiction will rarely if ever affect what law is to be applied. 1 Benedict on Admiralty § 127 (1985). As the admiralty action may be founded on in rem jurisdiction, while the common law action will ordinarily be based on in personam jurisdiction, different assets may be available to satisfy the judgment. 2A Benedict on Admiralty § 51 at pp. 6–2, 6–3 (1987).

order to satisfy the minimal diversity requirement of 28 U.S.C. § 1335. *See* 14 Wright & Miller at § 3636. Alternatively, one might include the citizenship of Behring, the bankrupt. Behring's citizenship is not included in the

record before the court, but would count in determining statutory interpleader jurisdiction so long as it was incorporated in the United States.

■ It has long been held that plaintiffs with a claim which sounds both in admiralty and at common law may choose to pursue their state court remedy in a federal court under the "saving to suitors" clause (or defendants in such actions can demand removal) so long as they meet the ordinary jurisdictional requirements in 28 U.S.C. § 1332, e.g. diversity of citizenship, *Seas Shipping Co. v. Sieracki,* 328 U.S. 85, 88–89, 66 S.Ct. 872, 874–875, 90 L.Ed. 1099 (1946) ('law' side of federal court may enforce rights peculiar to admiralty); *Leon v. Galceran,* 78 U.S. (11 Wall) 185, 188, 20 L.Ed. 74 (1870) (state court can have jurisdiction); *Pryor v. American President Lines,* 520 F.2d 974, 976 (4th Cir.1975) (requiring independent federal jurisdiction such as diversity), *cert. denied,* 423 U.S. 1055, 96 S.Ct. 787, 46 L.Ed.2d 644 (1976), and amount in controversy, *Stainless Steel & Metal Mfg. Corp. v. Sacal V.I., Inc.,* 452 F.Supp. 1073 (D.P.R.1978). Here, however, the amount in controversy is less than $10,000, and the case could not be removed on this theory. 28 U.S.C. § 1332.

Until recently, cases arising solely under admiralty jurisdiction could never be removed from state to federal court. Removal was inappropriate because removal jurisdiction is derivative—the state court lacks subject matter jurisdiction over a matter exclusively within the federal maritime jurisdiction, and the federal court therefore cannot acquire any by removal. *Franchise Tax Bd.,* 463 U.S. at 24 n. 27, 103 S.Ct. at 2854 n. 27; 14 Wright & Miller at § 3674, p. 460. This jurisdictional limitation on the federal courts was eliminated by the Judicial Improvements Act of 1985, Pub. Law No. 99–336, § 3, 100 Stat. 633, 637 (1986) (codified at 28 U.S.C. § 1441(e)). The act applies to all actions instituted in a state court after the date of its enactment, *id.* at § 3(b), which was June 19, 1986. Yangming commenced the state court action in 1987, and thus removal is not prohibited simply because the state court lacks admiralty jurisdiction.

## Removal under 28 U.S.C. § 1441(a)

Admiralty cases are actions over which the district courts have original jurisdiction. But they form a separate class of cases, with an independent source of jurisdiction, distinct from the "federal question" matters listed in 28 U.S.C. § 1441(b).[2] In *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 359–380, 79 S.Ct. 468, 473–485, 3 L.Ed.2d 368 (1959), the Supreme Court explained that admiralty cases are not cases "arising under" the Constitution, laws, or treaties of the United States for purposes of original federal question jurisdiction under 28 U.S.C. § 1331, and that they do not "arise under" federal law for 28 U.S.C. § 1441(b) either. *Romero,* 358 U.S. at 363 n. 16; *see also Eastern Steel & Metal Co. v. Hartford Fire Ins. Co.,* 376 F.Supp. 763, 765 (D.Conn.1974); 14 Wright & Miller at § 3673, p. 461.

■ Although *Romero* makes it clear that 28 U.S.C. § 1441(b) does not grant removal jurisdiction, this does not end the matter. Because the Judicial Improvements Act of 1985, *supra,* made admiralty actions potentially removable despite the state courts' lack of admiralty jurisdiction, even in the absence of an alternative source of federal jurisdiction "saving to suitors" cases may now be removable under 28 U.S.C. § 1441(a):

*Except as otherwise expressly provided by Act of Congress,* any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States.... (emphasis added)

The phrase "any civil action ... of which the district courts of the United States have original jurisdiction" in § 1441(a) is significantly broader than § 1441(b)'s language of a "civil action founded on a claim

---

2. 28 U.S.C. § 1441(b) states:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

or right arising under the Constitution, treaties or laws of the United States." Thus, although admiralty cases are not included in § 1441(b), in principal they would seem to be among the matters which are now removable under § 1441(a).

■ Exactly how this new type of removal works we leave for another day. Although § 1441(a) now apparently permits removal of this *type* of admiralty case, it does not apply to these facts. Section § 1441(a) excepts jurisdiction "as otherwise expressly provided by Act of Congress." One such exception is contained in 28 U.S.C. § 1441(b). Section 1441(b) states that "[a]ny civil action of which the district courts have original jurisdiction founded on" a federal question can be removed whatever the citizenship of the parties, but "[a]ny other such action shall be removable only if none of the ... defendants is a citizen of the State in which such action is brought." As we have seen, *supra* p. 372, admiralty cases are not considered "federal question" cases. Instead, they are in the class of "other such action[s]" referred to in § 1441(b). Even an admiralty action framed by plaintiff as a common law "savings to suitors" clause case, is "such" an action. *See Leonard v. Kern,* 651 F.Supp. 263, 265 (S.D.Fla.1986). As defendant is a citizen of Illinois for jurisdictional purposes, 28 U.S.C. § 1332(c),³ this case is not

removable. Therefore, we must remand to the state court.

■ This result is somewhat anamolous. Were this case styled by the plaintiff as an admiralty action, it would now be removable, whether or not the state court had jurisdiction in the first place. 28 U.S.C. §§ 1333(1), 1441(e). But here the plaintiff has not styled the case as an admiralty action.⁴ Rather, the complaint seeks the common law remedy of damages for breach of contract, a state law remedy not within the original jurisdiction of this court because the amount in controversy is less than $10,000. 28 U.S.C. § 1332(a). Other than a concern for judicial economy in federal courts, there seems to be no sound policy reason why a small admiralty case should be treated differently than a large one. There is also no reason why all admiralty cases, no matter how small, should be removable to federal court except "saving to suitors" cases which are filed in the defendant's home state.

The awkwardness of this result is exacerbated by two factors. First, defendant argues that it may be exposed to double or inconsistent liability if this case is not joined with SCB's assertion of Behring's claim. Remanding to state court makes it less likely that the case will be transferred

---

**3.** The record indicates only that "Defendant is a corporation doing business in Illinois having an office and place of business in the City of Roselle, DuPage County." Complaint at Count I, ¶ 2; Answer at Count I, ¶ 2. We assume that this is defendant's principal place of business. The party seeking to remove a case has the burden of alleging the grounds for removal. 28 U.S.C. § 1446(a). Defendant has not alleged that it is not a citizen of Illinois for jurisdictional purposes.

**4.** Electri–Flex argues that federal jurisdiction can neither be created nor destroyed by "artful pleading" and cites *Vin–Tex Sealers, Inc. v. Plastic Workers Union Local No. 18 (AFL–CIO),* 421 F.Supp. 68 (N.D.Ill.1976) and *Avco Corp. v. Aero Lodge, I.A.M. & A.W.,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). As evidence of plaintiff's "artful pleading" in this case, Electri–Flex submits a copy of an earlier complaint filed in federal court and then voluntarily dismissed without prejudice by Yangming, *Yangming Marine Transport Corp. v. Electri–Flex Co.,* No. 86 C 4882. Defendant's Memorandum in Opposition at Exhibit C. This earlier case

raised almost identical claims regarding the same transaction. In it, unlike in the action now before the court, Yangming alleged admiralty and maritime jurisdiction. *Id.* at Count I, ¶ 1.

This case is one where plaintiff had a substantive choice of concurrent state or federal jurisdiction. *Avco* concerned an action framed to avoid the preemptive effect of § 301 of the Labor–Management Relations Act. The federal jurisdiction was nonetheless evident from the complaint, as it alleged the existence of a "no strike" clause in a collective bargaining agreement. *See Avco,* 390 U.S. at 558, 88 S.Ct. at 1236. "*Avco* stands for the proposition that if a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Bd.,* 463 U.S. at 23–24, 103 S.Ct. at 2853–2854. Here, by contrast, the "saving to suitors" clause indicates that federal jurisdiction did not preempt all state causes of action.

to a court with jurisdiction over all claimants.[5] Second, this remand order is unappealable. 28 U.S.C. § 1447(d).

Nevertheless, as we stated *supra*, we lack removal jurisdiction over this case. The case must therefore be remanded to the state court.

## CONCLUSION

Plaintiff's motion to remand to the Circuit Court of the Eighteenth Judicial Circuit of the State of Illinois is granted.

---

5. This hypothetical horrible may occur if the state court 1) retains the case, 2) does not join

SCB, and 3) finds Electri–Flex liable on the contract whose existence Electri–Flex denies.