The **ESTATE OF** Lynn P. **MORALES, et al.**

v.

**NEW ORLEANS GULF HARBOR SERVICES, INC., et al.**

**Civ. A. No. 88–133–B.**

United States District Court, M.D. Louisiana.

Jan. 17, 1989.

---

2. Record, document 15 at 9.

**502**

James H. Dupont, Dupont, Dupont & Dupont, Ltd., Plaquemine, La., for plaintiffs.

John F. Emmett, Emmett, Cobb, Waits and Kessenich, New Orleans, La., for defendants.

POLOZOLA, District Judge:

Lynn P. Morales was a seaman aboard the M/V Tracie Lynn, a ship owned by New Orleans Gulf Harbor Services, Inc., when he allegedly suffered injuries which resulted in his death. Plaintiffs[1] brought this claim in state court against both the ship and the shipowner, alleging unseaworthiness of the vessel and negligence. Defendants timely removed the case to this Court. This matter is before the Court on defendant's motion for summary judgment. The Court, on its own motion, questions its subject matter jurisdiction. For reasons which follow, the Court finds that it lacks subject matter jurisdiction and remands the entire case to state court.

Federal courts have exclusive jurisdiction over in rem actions in admiralty.[2] That part of plaintiffs' claim normally would be removable to this Court under 28 U.S.C. § 1441(e).[3] However, plaintiffs joined with their in rem action an in personam claim which, under the "saving to suitors" clause,[4] cannot be removed absent an independent ground of federal jurisdiction. No such independent ground exists in this case.

In the event that a removable claim is joined to a nonremovable one, 28 U.S.C. § 1441(c) provides that neither claim may be removed unless the two are "separate and independent." In *American Fire & Casualty Co. v. Finn*,[5] the United States Supreme Court held that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."[6] The in rem and in personam actions of the case at bar clearly are not separate and independent in light of the *Finn* decision. Therefore, defendants may not remove this case or any part of it to this Court.[7]

IT IS THEREFORE ORDERED that plaintiffs' case be and is hereby REMANDED to the 18th Judicial District Court for the Parish of Iberville, State of Louisiana.

Judgment shall be entered accordingly.

---

1. The estate of Lynn Morales, and Donna Morales on behalf of herself and her minor child.

2. *Madruga v. Superior Court,* 346 U.S. 556, 560, 74 S.Ct. 298, 300–01, 98 L.Ed. 290 (1954).

3. "The court to which [a] civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." 28 U.S.C. § 1441(e) (Supp.1988).

4. 28 U.S.C. § 1333 (1973).

5. 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

6. *Id.* at 14, 71 S.Ct. at 540, 95 L.Ed. at 708–09.

7. The state court lacks jurisdiction over plaintiffs' *in rem* claim and should dismiss that part of the case upon remand if a proper motion is filed with the court. *See supra* note 2.