Michael A. CANINO,

v.

F. Jeffrey LONDRES,

Lisa CANINO, et al.

v.

F. Jeffrey LONDRES.

Civ. A. Nos. 94–370–JD, 94–371–JD.

United States District Court, D. New Hampshire.

Aug. 31, 1994.

---

David L. Nixon, Nixon, Raiche, Brown, Manning & Branch, PA, Manchester, NH, for plaintiff.

Kevin C. Devine, Devine & Nyquist, Manchester, NH, Robert D. Keefe, Hale & Dorr, Boston, MA, Richard V. Wiebusch, Hale & Dorr, Manchester, NH, for defendant.

## ORDER

DiCLERICO, Chief Judge.

On June 9, 1994, the plaintiff, Lisa Canino individually and as executrix of the estate of Thomas Canino, filed a two count writ of summons for wrongful death and loss of consortium in the Rockingham County Superior Court against the defendant, F. Jeffrey Londres. The plaintiff, Michael A. Canino, also filed a writ of summons on the same date against the defendant seeking damages for personal injuries suffered after a boating ac-

cident.[1] On July 13, 1994, the defendant removed both actions asserting as a jurisdictional basis 28 U.S.C. §§ 1332, 1333, 1441, and 1446.[2] Currently before the court are Lisa Canino's and Michael Canino's timely motions to remand pursuant to 28 U.S.C.A. 1447(c) (West 1994) (document nos. 5 and 6 respectively).[3] For the following reasons, the court grants the motions to remand.

## Background

On May 29, 1994, Thomas Canino operated a motor boat in the Piscataqua River in New Hampshire and his brother, Michael Canino, was a passenger. The defendant operated his cabin cruiser on the same river. In the early afternoon, the boats collided, killing Thomas Canino and injuring Michael Canino.

Lisa Canino, the executrix of Thomas Canino's estate, brought an action seeking damages for wrongful death and loss of consortium arising out of the boating accident. She alleged that the defendant owed a duty to operate and control his boat in a careful manner and he breached this duty by failing to maintain a proper lookout and to obey the rules in operating a boat in waterways. She further alleged that as a result of the defendant's negligent conduct which caused the collision, the estate suffered damages which included "property damage, funeral expense, medical bills, lost wages, lost earning capacity, loss of enjoyment of life, property loss and pain and suffering." Writ of Summons, ¶ 7. In her loss of consortium claim, she alleged as a result of the defendant's negligent conduct, she suffered damages for emotional pain and suffering, pain and suffering, and loss of enjoyment, benefit, and services" of her husband. Writ of Summons, ¶ 12.

Michael Canino alleged the defendant owed him the same duty and the defendant breached that duty. He sought damages for medical expenses, lost wages, and pain and suffering.

## Discussion

### I. Removal of Lisa Canino's Action

#### A. Claims

Lisa Canino asserts the defendant "ignored well-established, fundamental federal law stating that an action is not removable to a federal court where the sole basis of removal is the court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333." Motion to Remand with Incorporated Memorandum of Law, ¶ 3. According to Lisa Canino, the defendant has failed to establish that a basis for federal jurisdiction exists other than admiralty under § 1333. In addition, she claims that she has the right to pursue her action in state court pursuant to the "saving to suitors" clause contained in § 1333 without invoking federal jurisdiction.

In response to Lisa Canino's motion, the defendant contends that removal of the action to federal court is proper because he has the right to remove a case in which the district court has original jurisdiction under § 1441(a). He states that Lisa Canino's claims arise under admiralty law and the court has original jurisdiction over admiralty claims under § 1333. While agreeing that courts have previously prevented removal absent an independent basis of jurisdiction, the defendant observes that the Judicial Improvements Act of 1985, Pub.L. No. 99–336,

---

1. On July 12, 1994, the Rockingham County Superior Court granted Michael Canino's motion to consolidate his action with Lisa Canino's and this consolidation order remains in effect in the federal court. *See First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992) (stating "when a case is removed the federal court takes it as though everything done in the state court had in fact been done in federal court") (quotations and citations omitted); *First City, Texas—Beaumont, N.A. v. Treece*, 848 F.Supp. 727, 743 (E.D.Tex.1994) (observing that under 28 U.S.C. § 1450, "[p]rior rulings and orders made or issued by the state court remain in effect after removal ... although they may be

reviewed 'de novo' by the federal court after the case is removed"). The court will therefore treat the plaintiffs' motions in one order.

2. The defendant has abandoned its claim that the court's removal jurisdiction is based on diversity. While Michael Canino is a citizen of Maine, Lisa Canino and the defendant are both New Hampshire citizens.

3. Section 1447(c) provides "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)."

§ 3, 100 Stat. 633, 637 (1986) altered that requirement. He further asserts that the "saving to suitors" clause does not apply because it is directed at claims arising out of common law. According to the defendant, Lisa Canino's claims do not exist at common law and are "creatures of New Hampshire statute." Defendant F. Jeffrey Londres' Objection to Motion to Remand at 6.

### B. Admiralty Jurisdiction and 28 U.S.C. § 1333

The United States Constitution provides in relevant part that "[t]he judicial Power shall extend ... to all Cases of admiralty and maritime Jurisdiction...." U.S. Const. art. III, § 2, cl. 1; *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 360–61, 79 S.Ct. 468, 473–74, 3 L.Ed.2d 368 (1959); *Madruga v. Superior Court*, 346 U.S. 556, 557, 74 S.Ct. 298, 299, 98 L.Ed. 290 (1954). Pursuant to 28 U.S.C.A. § 1333 (West 1993), federal district courts have original and exclusive jurisdiction over admiralty claims.[4] However, this "exclusive" jurisdiction is not exclusive at all. *Yangming Marine Transp. Corp. v. Electri–Flex Co.*, 682 F.Supp. 368, 371 (N.D.Ill.1987). It is well-established that admiralty jurisdiction is exclusive

> only as to those maritime causes of action begun and carried on as proceedings *in rem*, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien. It is this kind of *in rem* proceeding which state courts cannot entertain. But this jurisdictional act does leave state courts "competent" to adjudicate maritime causes of action in proceedings *"in personam,"* that is, where the defendant is a person, not a ship or some other instrument of navigation.

*Madruga,* 346 U.S. at 560–61, 74 S.Ct. at 300–01 (citations omitted). Section 1333 thus provides concurrent jurisdiction in the state courts for cases in which the plaintiff invokes the "saving to suitors" clause.

The Judiciary Act of 1789, the predecessor of § 1333, granted federal district courts " 'original exclusive cognizance of all civil cases of admiralty and maritime jurisdiction,' " but reserved to " 'suitors, in all cases, the right of a common law remedy, where the common law is competent to give it.' " 14 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3672 (2d ed. 1985) (quoting Judiciary Act of 1789, ch. 20, § 9, 1 Stat. 76–77); *see* 28 U.S.C. § 1333 (originally enacted as Act of September 24, 1789, ch. 20, § 9, 1 Stat. 76–77, revised by the Act of June 25, 1948, ch. 646, 62 Stat. 931, amended May 24, 1949, ch. 139, § 79, 63 Stat. 101). The 1948 and 1949 amendments to the Judiciary Act of 1789 did not effect a substantive change in the scope of the law by narrowing state courts' jurisdiction. *Madruga,* 346 U.S. at 560 n. 12, 74 S.Ct. at 301 n. 12; *see also Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 222, 106 S.Ct. 2485, 2494, 91 L.Ed.2d 174 (1986). The "saving to suitors" clause in § 1333 permits the plaintiff in an *in personam* action to seek common law remedies in state courts. *See* 1 Steven F. Friedell, Benedict on Admiralty § 123, at 8–10 (6th ed. 1993); *see also Yangming Marine Transp. Corp.,* 682 F.Supp. at 371. It also embodies the sharing of jurisdiction between state and federal courts to hear general maritime claims and to provide relief under state law as long as the remedy does not alter substantive maritime law. *Romero,* 358 U.S. at 374, 79 S.Ct. at 481;[5] *see also Offshore Logistics, Inc.* 477 U.S. at 222, 106 S.Ct. at 2494.

---

**4.** This section provides that the district courts have "original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C.A. § 1333.

**5.** In discussing the role of general maritime jurisdiction, Justice Frankfurter stated

> the historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal, would be taken away by an

expanded view of § 1331, since saving-clause actions would then be freely removable under § 1441 of Title 28, 28 U.S.C.A. § 1441.... By making maritime cases removable to the federal courts it would make considerable inroads into the traditionally exercised concurrent jurisdiction of the state courts in admiralty matters—a jurisdiction which it was the unquestioned aim of the saving clause of 1789 to preserve.

*Romero,* 358 U.S. at 371–372, 79 S.Ct. at 480 (footnotes omitted). The Court further observed

### C. Removal under 28 U.S.C. § 1441

Actions brought in state court which meet the requirements of 28 U.S.C.A. § 1441 (West 1994) may be removed to federal court. Section 1441(a) provides that

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Section 1441(b) qualifies the first clause of section § 1441(a) in that it provides

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Prior to 1985, *in personam* admiralty actions could not be removed to federal court absent diversity or a federal question. *Queen Victoria Corp. v. Insurance Specialists of Hawaii, Inc.*, 694 F.Supp. 1480, 1482 (D.Hawaii 1988). Admiralty jurisdiction alone did not present a federal question as admiralty cases do not arise under the Constitution, laws or treaties of the United States. *McAllister Bros., Inc. v. Ocean Marine Indem. Co.*, 742 F.Supp. 70, 75 (S.D.N.Y.1989) (citing *Romero*, 358 U.S. at 363, 367–68, 79 S.Ct. at 475, 477–78); *Queen Victoria Corp.*, 694 F.Supp. at 1482 (same). *In rem* actions could not be removed from state to federal court because the jurisdiction for these actions rested exclusively in the federal district court. *See Estate of Morales v. New Orleans Gulf Harbor Servs., Inc.*, 703 F.Supp. 501, 502 (M.D.La.1989); *Yangming Marine Transp. Corp.*, 682 F.Supp. at 372

(observing removal was "inappropriate because removal jurisdiction is derivative—the state court lacks subject matter jurisdiction over a matter exclusively within the federal maritime jurisdiction, and the federal court therefore cannot acquire any by removal."); 14 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3674. Congress eliminated this jurisdictional limitation of requiring the state court to have jurisdiction prior to removal. *See* Judicial Improvements Act of 1985, Pub.L. No. 99–336, § 3, 100 Stat. 633, 637 (1986) (codified at 28 U.S.C. § 1441(e)) [6]; *see also* 14 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3674 (2d ed. 1985 and Supp. 1993).

Courts have taken three approaches when discussing the effect of § 1441(e) on the appropriateness of removal of admiralty cases including those falling within the "saving to suitors" clause. *McAllister Bros., Inc.*, 742 F.Supp. at 76. One court applying a narrow reading of § 1441(e) has found that *in rem* actions in admiralty over which the federal court has exclusive jurisdiction may be removed to federal court from state court only where the action was mistakenly filed in state court. *Id.* (citing *Estate of Morales*, 703 F.Supp. at 502.) Another court applying a more liberal interpretation of § 1441(e) has found that where a plaintiff brings an action in state court under the "saving to suitors" clause, that action may not be removed to federal court under § 1441(a) and (b) unless none of the defendants is a citizen of the state in which the action is brought. *Id.* (citing *Yangming Marine Transp. Corp.*, 682 F.Supp. at 372–373). The *Yangming* court noted certain anomalous results would arise from its ruling for which the court could find no justification. 682 F.Supp. at 373. If the plaintiff styled its case solely as an admiralty action, the defendant would be able to remove whether or not the state court had jurisdiction. *Id.* (citing 28 U.S.C. §§ 1333(1)

that general maritime jurisdiction does not present an issue of federal question jurisdiction. *Id.* at 375, 79 S.Ct. at 482.

**6.** Section 1441(e) provides that "[t]he court to which such civil action is removed is not pre-

cluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."

and 1441(e)). However, if the plaintiff styled his case under the "saving to suitors" clause, the action could only be removed if the case were not filed in the defendant's home state. *Id.* A third approach where courts have found removal to be proper under § 1441(a), (b), and (e) occurs where "plaintiffs mistakenly file an action in state court that could fall within the saving to suitors exception to exclusive admiralty jurisdiction, but actually intended to file the action as one in admiralty." *McAllister Bros., Inc.,* 742 F.Supp. at 76; *see Queen Victoria Corp.,* 694 F.Supp. at 1483 n. 8. These types of cases arise where the plaintiffs have "consistently and forcefully" maintained that they are pursuing admiralty claims and not state claims under the "saving to suitors" clause. *McAllister Bros., Inc.,* 742 F.Supp. at 76.

### D. Application of § 1441 to Lisa Canino's Claims

■ The court must first determine whether or not an admiralty action is involved in this case. In *Evergreen Marine Corp. v. Six Consignments of Frozen Scallops,* the First Circuit set forth the admiralty jurisdiction test for tort claims. 4 F.3d 90, 93 (1st Cir.1993). The test "comprises two functional inquiries: first, the traditional 'situs' analysis determines whether the tort was committed or the alleged injury occurred on navigable waters, and second, the more recently developed 'nexus' analysis determines whether the alleged tort bears a significant relationship to traditional maritime activities." *Id.* (citations omitted). The test is satisfied in this case as (1) the alleged tort occurred on the Piscataqua River, a navigable river, *see Granite State Minerals, Inc. v. American Ins. Co.,* 435 F.Supp. 159, 160 (D.Mass.1977); *see also New Hampshire v. Maine,* 434 U.S. 1, 2, 98 S.Ct. 42, 43, 54 L.Ed.2d 1 (1977); *see generally* 14 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3671 ("Conclusive determinations of navigability for the purpose of admiralty jurisdiction can be made only by Congress or the federal courts"), and (2) the collision between the two pleasure boats on navigable waters bears a "significant relationship with maritime commerce." *See Foremost Ins. Co. v. Richardson,* 457 U.S. 668, 675, 102 S.Ct. 2654, 2658, 73 L.Ed.2d 300 (1982). Thus, Lisa Canino's *in personam* action falls within admiralty law and the court's original jurisdiction.

■ The court's next inquiry is to determine whether Lisa Canino's claims fall within the "saving to suitors" exception of § 1333. The defendant is correct that Lisa Canino's claims for wrongful death and loss of consortium were not recognized by common law and are statutorily based. *See* N.H.Rev.Stat. Ann. §§ 556:11 *et seq.* (wrongful death) and § 507:8–a (loss of consortium); *see also Carson v. Maurer,* 120 N.H. 925, 942, 424 A.2d 825 (1980) (discussing origin of wrongful death action); *Young v. Prevue Prod., Inc.,* 130 N.H. 84, 85, 534 A.2d 714 (1987) (discussing origin of loss of consortium claim). However, causes of action for wrongful death under general maritime law have been adopted by the courts. *Ellenwood v. Exxon Shipping Co.,* 984 F.2d 1270, 1280 (1st Cir. 1993) (tracing development of general maritime wrongful death action from state law to the recognition of such an action under general maritime law) (citing *Miles v. Apex Marine Corp.,* 498 U.S. 19, 23–27, 111 S.Ct. 317, 320–23, 112 L.Ed.2d 275 (1990); *Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 397–402, 90 S.Ct. 1772, 1786–88, 26 L.Ed.2d 339 (1970)); *cf. Offshore Logistics, Inc.,* 477 U.S. at 232, 106 S.Ct. at 2499 (recognizing state courts have concurrent jurisdiction to hear Death on the High Seas Act cases, providing wrongful death beneficiaries with a convenient forum); *see generally* 1 Steven F. Friedell, Benedict on Admiralty § 123, at 8–11 ("Actions for bodily injury and death are frequently brought in courts of common law jurisdiction to obtain jury trials."). Lisa Canino would therefore be entitled to bring her wrongful death action under general maritime law.[7]

---

7. The court will not address whether Lisa Canino can recover for loss of consortium or other types of damages if she prevails in her wrongful death action as the parties did not brief these issues.

*See generally Miles,* 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (discussing loss of society claims) (citing *Sea–Land Servs., Inc. v. Gaudet,* 414 U.S. 573, 590, 94 S.Ct. 806, 817, 39 L.Ed.2d

Section 1441(e) does not provide the defendant with solace by giving him the ability to remove Lisa Canino's claims. Under any of the three approaches outlined by courts applying § 1441(e) to permit removal, the defendant's objection to the remand fails. First, Lisa Canino's action was not one exclusively within the federal maritime jurisdiction which was mistakenly filed in state court. *See Estate of Morales,* 703 F.Supp. at 502 (finding *in rem* action exclusively within jurisdiction of federal court and removable under § 1441(e)). Second, the action under the "saving to suitors" clause is not removable because the defendant is a citizen of the state in which the action was brought. *See Yangming Marine Transp. Corp.,* 682 F.Supp. at 373 (finding "saving to suitors" clause cases brought in the defendants home state are not removable under § 1441(a) and (b)). Third, Lisa Canino has not "consistently and forcefully" maintained that her action is one of admiralty and not for state remedies under the "saving for suitors" clause and that she intended to file her action in federal court. *See McAllister Bros., Inc.,* 742 F.Supp. at 76.

### E. Alternative Argument for Removal— Federal Question Jurisdiction under 46 U.S.C.App. § 740

As a second ground for jurisdiction, the defendant states that the court has federal question jurisdiction under 46 U.S.C.App. § 740 (West 1975) (the "Admiralty Extension Act"). According to the defendant, § 740 covers the damages alleged by Lisa Canino, she utilized artful pleading to avoid this statute, and the statute preempts her state law claims.

Under the Admiralty Extension Act, "[t]he admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land." 46 U.S.C.App. § 740. The purpose of the Admiralty Extension Act was to "remedy the anomalous situation that parties aggrieved by injuries done by ships to persons or property ashore (such as bridges, docks, and the like) could not sue in admiralty even though the damage to the ships caused by a land structure was maritime." 1 Steven F. Friedell, Benedict on Admiralty § 173, at 11–36; 7A James WM. Moore and Alfred S. Palaez, Moore's Federal Practice § .325[4], at 3580 (2d ed. 1993). The Admiralty Extension Act therefore extends

admiralty and maritime jurisdiction to situations involving injuries suffered on land which were caused by a vessel on navigable waters. The types of cases covered by the Act include situations where land-based damage or injury results from a vessel striking a bridge or pier, or from a vessel running aground, or as a result of a failure of the vessel's equipment during loading jobs.

*Benjamin v. Natural Gas Pipeline Co.,* 793 F.Supp. 729, 731 (S.D.Tex.1992) (citing 1 Steven F. Friedell, Benedict on Admiralty § 173). It does not apply where the death occurred on navigable waters. *Id.* Similarly, the Admiralty Extension Act does not apply where the injury which led to the Thomas Canino's death occurred on navigable waters and not on land. *See id.* In addition, the Admiralty Extension Act does not create a cause of action; it merely "expands the locality rule of admiralty jurisdiction to encompass 'ship-to-shore' torts." *Louisville and Nashville R.R. Co. v. Tug M/V Bayou Lacombe,* 597 F.2d 469, 472 (5th Cir.1979). Even if the Admiralty Extension Act applies to Lisa Canino's claims, it does not provide an independent jurisdictional basis for removal. *Benjamin,* 793 F.Supp. at 731. *But see Leonard v. Kern,* 651 F.Supp. 263, 264 n. 2 (S.D.Fla.1986).

### II. Removal of Michael Canino's Action

Michael Canino also challenges the defendant's reasoning for removal under §§ 1331 and 1441 and the citation to 46 U.S.C.App. § 740 as a basis for removal. The defendant asserts that if the court finds that it has jurisdiction over Lisa Canino's claims, then it

---

9 (1974)); *see also* Joseph E. Edwards, Annotation, *Measure and Elements of Damages in Action*

*for Wrongful Death Under General Maritime Law,* 18 A.L.R.Fed. 184 (1993).

has jurisdiction over Michael Canino's claims pursuant to 28 U.S.C.A. § 1441(c) (West 1994).

Section 1441(c) provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

However, this section does not apply as the court has not found that it has jurisdiction over Lisa Canino's claims.

■ As is the case with Lisa Canino's claims, the court is without jurisdiction to hear Michael Canino's claims. Michael Canino brought a personal injury action premised on a negligence theory of liability. This action falls within the "saving to suitors" clause of § 1331 and cannot be removed absent an independent basis for jurisdiction such as federal question or diversity. The defendant has failed to demonstrate an independent basis, the court already having discounted his argument that 46 U.S.C.App. § 740 creates an independent basis of jurisdiction.

### Conclusion

For the foregoing reasons, the court grants Lisa and Michael Canino's motions to remand (documents no. 5 and 6 respectively). SO ORDERED.