J. ARON & COMPANY, Plaintiff,

v.

Richard CHOWN, et al., Defendants.

No. 94 Civ. 3610 (MP).

United States District Court,
S.D. New York.

Aug. 3, 1995.

Strook & Strook & Lavan, New York City (Melvin A. Brosterman, of counsel), for plaintiff.

Chalos & Brown, P.C., New York City (Martin F. Marvet, of counsel), for defendants.

### OPINION

MILTON POLLACK, Senior District Judge:

This is a removed action purportedly sounding in admiralty but which the plaintiff elected to commence as a common law action in state court. Defendants have moved pursuant to Fed.R.Civ.P. 12(h)(3) for dismissal of this action on the ground that the Court lacks subject matter jurisdiction. The plaintiff's election to commence this action as a common law action cannot be undone. Consequently, it appears that this Court lacks subject matter jurisdiction and that the removal was a nullity. The case will be remanded to the New York Supreme Court, New York County, from whence it was removed.

### Background

Plaintiff J. Aron & Co. ("Aron") commenced the instant action ("Chown") in New York Supreme Court on April 27, 1994, seeking a judgment of at least $45 million for breach of an insurance policy underwritten by the defendants in this action ("the Chown Policy") that allegedly provided coverage for the misappropriation of crude oil and refined products belonging to Aron while they were in storage or undergoing processing at a refinery in Newfoundland. Under the terms of a processing agreement between Aron and two entities not a party to this action, Cum-

berland Crude Processing ("CCP") and Gulf Oil, Aron shipped crude oil to the refinery for processing, and CCP and Gulf Oil would purchase the resulting products from Aron. The Chown Policy contains four sections that cover a variety of marine and non-marine risks associated with the refinery. The sections and their titles are: Section I (Marine cargo, stock & transit), Section II (Conditions applicable to charterers and/or cargo owners legal liability), Section III (Physical damage/business interruption), and Section IV (Hull and machinery). The Chown Policy was originally issued in 1989 to Newfoundland Processing Limited, the owner of the refinery. Aron was subsequently added as an additional insured.

The Chown Defendants removed *Chown* to this Court on May 17, 1994. Aron did not move to remand *Chown*. The instant action was eventually consolidated for trial with *Americas Insurance Company v. J. Aron & Co. et al.,* 93 Civ. 2503, 1994 WL 172407, a declaratory judgment action commenced in this district by a different insurer whose policy allegedly also covers Aron's losses at the refinery. Although the underlying losses on which the insurance claims are predicated are the same in both actions, *Chown* and *Americas* involve claims under distinct insurance policies employing different insuring language, and each insurer has asserted defenses to coverage unique to itself. By the time *Chown* had been removed, Judge Mukasey, who formerly presided over both actions, had ruled that *Americas* was within the court's admiralty jurisdiction, but Judge Mukasey had no occasion to determine whether he had subject matter jurisdiction over *Chown*.[1]

The Chown Defendants have reconsidered their decision to remove *Chown* and now contend that the Court lacks subject matter jurisdiction over the action. In opposition to the motion, Aron has proposed only two bases of subject matter jurisdiction: admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The Chown Defendants claim that diversity jurisdiction is unavailable, and Aron has not alleged diversity.

### *Discussion*

**I. Aron's election to commence *Chown* under the Saving to Suitors Clause deprives the Court of original jurisdiction over the action.**

■ Assuming *arguendo* that Aron could have brought an admiralty action against the Chown Defendants, Aron has made an irrevocable election to proceed at common law rather than in admiralty by filing *Chown* in state court pursuant to the Saving to Suitors Clause of 28 U.S.C. § 1333(1). The effect of this election was to deprive this Court of admiralty jurisdiction over *Chown,* even though *Chown* could have been pleaded as an action in admiralty rather than a common law action. Consequently, unless some other basis for federal subject matter jurisdiction exists, *Chown* must be remanded to the New York Supreme Court, from which it was improperly removed.

■ The Saving to Suitors Clause is part of the statutory grant of admiralty jurisdiction:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

(1) Any civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled.*

---

1. Counsel for Aron admitted as much during oral argument:

    THE COURT: But what has been posed here by the moving party is something that was not addressed head on by Judge Mukasey but was merely assumed to exist as a tag-along aspect and that he did not pass upon whether Chown was properly in the Federal court. That was not adverted to at any stage of the proceedings before the current stage.

    MR. BROSTERMAN: Without question, Judge. What I want to point out though—

    THE COURT: When you say without question, what?

    MR. BROSTERMAN: Without question Judge Mukasey did not address the subject of jurisdiction under the Chown policy—

    THE COURT: And that was not presented to him either.

    MR. BROSTERMAN: It was not presented to him and I don't dispute that.

28 U.S.C. § 1333(1) (emphasis added). Under the Saving to Suitors Clause, "plaintiffs with a common law claim arising from a transaction over which a federal court would have admiralty jurisdiction may either avail themselves of federal admiralty jurisdiction or sue at law in state court." *McAllister Brothers, Inc., v. Ocean Marine Indemnity Co.,* 742 F.Supp. 70, 75 (S.D.N.Y.1989). The effect of this election is to characterize the plaintiff's claim either as a claim at common law or a claim in admiralty. If the plaintiff elects to characterize his claim as one at common law by commencing an action in state court under the Saving to Suitors Clause, this characterization of the claim will not be affected by subsequent removal of the action. The consequences of the plaintiff's election were extensively analyzed by Judge Mishler in a recent decision, *Kurkomelis v. Goldenbaum,* 1990 WL 156145 (E.D.N.Y. August 21, 1990), in which an action commenced in state court as a tort action, which had been removed on the sole basis of admiralty jurisdiction, was remanded one year after removal, despite the plaintiffs' failure to timely object to removal:

> It is beyond question that a federal district court cannot maintain jurisdiction over an action commenced as a state law tort claim absent diversity between the parties or some other basis of federal jurisdiction. Therefore, even though the [plaintiffs] could have been pleaded [*sic* ] their case as a maritime tort falling within the admiralty jurisdiction of the federal courts, their choosing to plead their case as one governed by state tort law determined the character of their claims. . . .

> In the case before us, plaintiffs commenced their action as a tort action governed by New York State law; they did not commence an action in admiralty. Defendants' removal of the case to this court has not transformed the proceeding into an admiralty action. Removal does not transform a case; it merely, as the term suggests, "removes" it. When we receive an action from the state court, we take it in the form in which it was commenced. Removal is not some magical potion that can transform a proceeding into something other

than the case the state court received upon commencement.

*Id.* at *4–*5 (citation omitted). Thus, Aron's election to commence *Chown* as a common law action in state court forever prevents the federal district courts from obtaining admiralty jurisdiction over *Chown.*

The Court brought *Kurkomelis* to the attention of the attorneys on this motion prior to oral argument. Aron has responded by asserting that 28 U.S.C. §§ 1441(a) and (b) allow removal of a common law action commenced under the Saving to Suitors Clause. These subsections of the removal statute provide:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States. . . .

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Aron's response misconstrues the problem that the Saving to Suitors Clause and *Kurkomelis* creates for the maintenance of *Chown* in this Court. Fundamentally, the problem is that, once Aron elected to commence *Chown* as a common law action and not an admiralty action, there was no basis for a federal court to assert admiralty jurisdiction over *Chown.* Federal courts have no original jurisdiction over a non-diverse common law action, and after Aron elected to treat its claims against the Chown Defendants as common law rather than admiralty claims, *Chown* came into existence as a non-diverse common law action. Section 1441(a) does not cure this problem, because it only permits the removal of civil actions over which the federal district courts have *original* jurisdiction. Thus, removal of *Chown* was improper

because *Chown* was never a civil action over which the federal district courts have original jurisdiction.

Other district courts besides *Kurkomelis* have adopted the forgoing analysis. In *Queen Victoria Corp. v. Insurance Specialists of Hawaii*, 694 F.Supp. 1480 (D.Hawaii 1988), in which the court determined *sua sponte*, several months after removal, that an action between non-diverse parties to enforce a hull insurance policy filed in state court under the Saving to Suitors Clause must be remanded, the court stated:

> Neither may removal be effected independently under [28 U.S.C.] § 1441(a), which generally provides for removal of any civil action brought in a state court over which the federal courts have original jurisdiction.... [E]ven if the identical facts would have supported a federal admiralty action in the first instance, the fact is that plaintiff brought this in state court as a *civil* action. That civil action, lacking diversity or a federal question as a basis for federal jurisdiction, could not have been brought originally in federal court. § 1441(a) does not override the considerations so thoughtfully expressed in *Romero [v. International Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959)] and echoed in the numerous cases precluding removal of saving clause cases.

*Id.* at 1483 (citations and footnotes omitted). The same analysis is implicit in *Lewis v. United States*, 812 F.Supp. 620 (E.D.Va. 1993), which remanded a personal injury claim removed from state court on the sole ground of admiralty jurisdiction. Addressing an argument that the plaintiff had waived his right to remand, the court held that any waiver was ineffective, because "the asserted waiver involves the original subject matter jurisdiction of the court over the action filed in state court." *Id.* at 623; *see also Kurkomelis*, 1990 WL 156145 at *6 ("Congress implicitly intended to divest the federal district courts of subject matter jurisdiction over actions commenced in the state courts under the Saving to Suitors clause.").

Cases cited by Aron for the proposition that its election to proceed with common law claims in state court does not defeat the exercise of admiralty jurisdiction over *Chown* are unpersuasive. What these cases say about the consequences of a plaintiff's election is merely dicta, because all of these cases were ultimately remanded on the ground that the defendant was a forum citizen not entitled to remove the case. Aron cites *Yangming Marine Transport Corp. v. Electri–Flex Co.*, 682 F.Supp. 368 (N.D.Ill. 1987), a breach of contract case commenced in state court and removed to federal court on a variety of grounds, including that the case was within the court's admiralty jurisdiction. Because the defendant was a citizen of the forum state and there was no federal question jurisdiction, the case was remanded. Aron has cited *Yangming* solely for dicta in which the court speculated that "although admiralty cases are not included in § 1441(b), in principal they would seem to be among the matters which are now removable under § 1441(a)," although the court admitted in the next sentence that "[e]xactly how this new type of removal works we leave for another day." *Id.* at 373. Whether bringing an action in state court under the Saving to Suitors Clause effects an irrevocable election to characterize one's claim as a non-admiralty claim is not considered by *Yangming*. Another case cited by Aron, *Canino v. Londres*, 862 F.Supp. 685 (D.N.H.1994), a wrongful death action filed in state court and removed on the basis of admiralty jurisdiction, also did not need to confront the question whether the federal courts have original jurisdiction over a non-diverse Saving to Suitors case. Upon a timely motion for remand, the *Canino* court concluded that the wrongful death action was within the court's original jurisdiction because it was a maritime tort. *See id.* at 690. The court did not even mention that courts such as *Kurkomelis* had reached the opposite conclusion. Moreover, the *Canino* court's conclusion proved to be unnecessary, because the court ultimately remanded the action, in part because the defendant was a citizen of the forum state and no federal question jurisdiction existed. *See id.* at 691. Aron's third case, *Pittman v. Port Allen Marine Services*, 794 F.Supp. 593 (M.D.La.1992), does not even contain relevant dicta. *See id.* at 600 ("Assuming that

this is a claim within the original and exclusive jurisdiction of the federal court," a removed state court action that had been styled as an admiralty claim must be remanded because the defendants were forum citizens not entitled to invoke removal).

In the alternative, Aron argues that the removal of *Chown* was proper because Aron intended *Chown* to be an admiralty action. Aron cites *McAllister Brothers, Inc. v. Ocean Marine Indemnity Co.*, 742 F.Supp. 70 (S.D.N.Y.1989), which was an action on a marine insurance policy commenced in state court whose removal on the ground of admiralty jurisdiction was first challenged by an impleaded third-party defendant. The plaintiff had not challenged the removal during the six months between removal and impleader. The court denied the motion for remand on the ground that "where plaintiffs mistakenly file an action in state court that could fall within the saving to suitors exception to exclusive admiralty jurisdiction, but actually intended to file the action as one in admiralty, removal on the basis of admiralty jurisdiction under § 1441(a), (b), and (e) may well be proper." *Id.* at 76.

However, the circumstances surrounding the commencement and removal of *Chown* establish that Aron elected to bring a breach of contract action, not an admiralty action. The original complaint in *Chown* contains no indication that there is any maritime element in Aron's claim: only money damages are specifically demanded, the policy is not alleged to be a *marine* insurance policy, and the complaint does not allege that the refinery was located on an island or that oil was transported to and from the refinery by ship. After *Chown* had been removed, Aron filed an amended complaint in *Chown*, which included an allegation of subject matter jurisdiction that did not, however, admit that this Court has jurisdiction:

> In light of defendants' petition for removal of the Complaint from the Supreme Court of the State of New York to this Court and this Court's decision in a case related to this action, *Americas Ins. Co. v. J. Aron & Co., et al.*, . . . this Court *purportedly* has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1333 and 28 U.S.C. § 1367.

Amended Complaint at ¶ 4 (emphasis added). Like the original *Chown* complaint, the amended complaint also did not allege that the Chown Policy is a marine insurance policy or that any marine transit was involved in transporting oil to the refinery. Finally, the amended complaint demanded trial by jury, a remedy not available in an admiralty action. *See In re Berkley Curtis Bay Co.*, 569 F.Supp. 1491, 1493 (S.D.N.Y.1983) ("claims in admiralty, for which Section 1333 supplies jurisdiction, have been traditionally tried to the court and are not entitled to jury trial."), *aff'd*, 742 F.2d 1431 (2nd Cir.), *cert. denied*, 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 184 (1984).

Moreover, *McAllister* seems implicitly to acknowledge the correctness of *Kurkomelis*. The two cases are certainly consistent: a plaintiff who intended to prosecute an admiralty action has not elected to treat his claim as one at common law, so that his claim would still be within the original jurisdiction of the federal district courts under the reasoning of *Kurkomelis*. But if a state court common law action were within the original jurisdiction of the federal courts simply because it could have been pleaded as an admiralty action, the rule of *McAllister* would be totally unnecessary. Such an action could be removed like any other action within the original jurisdiction of a district court. Also unnecessary would be Judge Ward's discussion of whether, if *McAllister* had been intentionally filed as a Saving to Suitors case, diversity jurisdiction could be found to support removal. *See id.* at 77 n. 5 (addressing argument of parties opposed to remand that "if this action is deemed to be a state court action under the saving to suitors clause, diversity jurisdiction under 28 U.S.C. § 1332 provides an independent jurisdictional basis for removal to federal court" and concluding that a non-diverse party would have to be dismissed to sustain the removal). In short, much of the discussion in *McAllister* makes sense only if *Kurkomelis* is correct.

Consequently, unless an independent ground for federal subject matter jurisdiction exists, this Court lacks subject matter juris-

diction over *Chown* pursuant to the doctrine of *Kurkomelis* and like cases cited above.

## II. The Court declines to exercise supplemental jurisdiction over *Chown.*

■ As an alternative basis for jurisdiction, Aron contends that the Court may extend the doctrine of supplemental jurisdiction to allow subject matter jurisdiction existing in *Americas Insurance Co v. J. Aron & Co. et al.* to empower the Court to exercise jurisdiction over *Chown* pursuant to 28 U.S.C. § 1367(a). Essentially, Aron asks that the Court treat Aron's claims in *Chown* as if they were claims in *Americas* for purposes of exercising supplemental jurisdiction over those claims.

Even if such an assertion of jurisdiction were within the Court's power under § 1367(a), the exercise of supplemental jurisdiction in these circumstances would not be appropriate. This Court has discretion to decline to exercise supplemental jurisdiction. Section 1367(c) provides that

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if. . . .
>
> \*        \*        \*        \*        \*        \*
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Under similar circumstances, the Western District of Louisiana has exercised its discretion to refuse to extend supplemental jurisdiction from one civil action to a related civil action. In *Holt v. Lockheed Support Systems, Inc.*, 835 F.Supp. 325, 329 (W.D.La. 1993), former employees of Lockheed filed two actions arising out of the termination of their employment: a federal court action claiming relief under a federal statute (the Worker Adjustment and Retraining Notification Act, or "WARN Act") and a state court action alleging state law claims. Lockheed removed the state court action on the grounds of diversity and supplemental jurisdiction, and the plaintiffs moved for remand.[2] The court determined that diversity jurisdic-

tion was not present. In the alternative, Lockheed contended that the federal court had subject matter jurisdiction over the removed action because "this court may exercise supplemental jurisdiction of *this* suit based upon a separate suit filed by the plaintiffs under the WARN Act," a suit that the *Holt* court characterized as "related" to the removed action. *Id.* at 329. The court declined to exercise supplemental jurisdiction in these circumstances:

> Defendant's application of 28 U.S.C. § 1367 would impermissibly broaden this court's removal jurisdiction, particularly under the circumstances of these cases. Even assuming that supplemental jurisdiction is viable in this scenario, under 28 U.S.C. § 1367(c)(4), a district court may decline supplemental jurisdiction over a claim when exceptional circumstances exist, and when there are other compelling reasons for declining jurisdiction. We think that the circumstances of this case provide ample reason for declining jurisdiction.

*Id.* at 329–30.

The fact that Aron has not sought remand and now wishes to proceed in federal court does lead the Court to reach a different result that the *Holt* court. The Saving to Suitors Clause reflects a respect for the jurisdiction of the state courts to give a common law remedy even in cases that could have been pleaded as admiralty actions in the federal courts:

> Our exercise of jurisdiction would deprive the states of that important role which they have historically played in shaping the law governing admiralty matters. We believe that, in devising its grant of exclusive admiralty jurisdiction to the federal courts, Congress meant for the states to retain an actual role in administering the common law remedies which, historically, were left to the plaintiffs' election. The comity inherent in our system of federalism must be vigilantly guarded.

*Kurkomelis,* 1990 WL 156145 at \* 6 (citations omitted). Likewise, exercise of supplemental

---

**2.** Although the *Holt* court's opinion is not clear on the point, it appears that after removal both actions were pending in the same federal court.

*See id.* at 329 n. 6 (giving docket number of the WARN Act action without indicating that it was pending in another court).

jurisdiction in this case, assuming that it were within the Court's power, would deprive the New York Supreme Court of jurisdiction to administer a common law remedy in *Chown.* Accordingly, even if supplemental jurisdiction could be exercised over *Chown,* exceptional circumstances exist that would lead the Court to decline supplemental jurisdiction.

### III. The Court need not decide whether *Chown* could have been pleaded as an admiralty action.

Whether Aron's dispute with the Chown Defendants could have been pleaded as an admiralty action within the original jurisdiction of the federal district courts need not be decided. In light of the Saving to Suitors Clause, determination of this question would have no effect of this Court's subject matter jurisdiction over *Chown.* Even if Aron could have pleaded an admiralty action against the Chown Defendants, *Chown* was not so pleaded, and Aron could not undo its election to proceed at common law rather than in admiralty.

### *Conclusion*

This Court lacks subject matter jurisdiction over *Chown.* Remand is mandatory under this circumstance. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Accordingly, the Court enters an order remanding *Chown* to the New York Supreme Court, from which it was removed.