Mr. Justice CLIFFORD
 

 delivered the opinion of the court.
 

 Mariners in suits to recover their wages, may proceed against the owner or master of the ship
 
 in personam,
 
 or they
 
 *188
 
 may proceed
 
 in rem
 
 against the ship or ship and freight, at their election.
 

 "Where the suit is
 
 in rem
 
 against the ship or ship and freight, the original jurisdiction of the controversy is exclusive in the District Courts, as provided by the ninth section of the Judiciary Act, but when the suit is
 
 in personam
 
 against the owner or master of the vessel, the mariner may proceed by libel in the District Court, or he may, at his election, proceed in an action at law either in the Circuit Court, if he and his debtor are citizens of different States, or in a State court as"'in other causes of action cognizable in the State and Federal courts exercising jurisdiction in common law cases, as provided in the eleventh section of the Judiciary Act.
 
 *
 

 He may have an action at law in the case supposed either in the Circuit Court or in a State court, because the common law', in such a case, is competent to give him a remedy, and w'herever the common law is competent to give a party a remedy in such a case, the right to such a remedy is reserved and secured to suitors b'ythe saving clause, contained in the ninth section of the Judiciary Act.
 

 Services, as mariners on board the schooner Gallego, were rendered by each of the appellees in these cases, and their claims for wages remaining unpaid, on the eighth of August, 1868, they severally brought suit
 
 in personam
 
 against Joseph Maristany, the sole owner of the schooner, to recover the respective amounts due to them as wages for their services as such mariners.
 

 Claims of the kind create a lien upon the vessel under the laws of that State quite similar to the lien which arises in such cases under the maritime law. They accordingly applied to the court where the suits were returnable for writs of sequestration, and the same having been granted and placed in the hands of the sheriff for service, were levied upon the schooner as a security to respond to the judgments which the plaintiffs in the respective suits might recover
 
 *189
 
 against the owner of the vessel, as the defendant in the several suits.
 

 Such a writ when duly issued and served in such a case has substantially the same effect in the practice of the courts of that State as an attachment on mesne process in jurisdictions where a creditor is authorized to employ such a process to create a lien upon the property of his debtor as a security to respond to his judgment. Neither the writ of sequestration nor the process of attachment is a proceeding
 
 in rem,
 
 as known and practiced in the admiralty, nor do they bear any analogy whatever to such a proceeding, as the suit in all such cases is a suit against the owner of the property and not against the property as an offending thing, as in case where .the libel is
 
 in rem
 
 in the Admiralty Court to euforce a maritime lien in the property.
 

 Due notice was given of the suit to the defendant in each case, and he appeared and made defence. Pending the suits the schooner, which had previously been seized by the sheriff’ under the writ or writs of sequestration, was released on motion of the defendant in those suits and was delivered into his possession, he, the defendant, giving a bond to the sheriff, with surety conditioned to the effect that he would not send the property out of the jurisdiction of the court nor make any improper use of it, and that he would faithfully present the same in case such should be the decree of the court, or that he would satisfy such judgment as should be recovered in the suit.
 

 Judgment was recovered by the plaintiff in each case against the owner of the schooner, and executions were issued on the respective judgments, and the same were placed in the hands of the sheriff. Unable to find any property of the debtor or to make the money the sheriff returned the execution unsatisfied, and the property bonded was duly demanded both of the principal obligor and of the present plaintiff in error, who was the surety in each of the forthcoming bondá.
 

 Given, as the bonds were, on the release of the schooner, they became the substitute for the property, and the obligors
 
 *190
 
 refusing to return the same or to satisfy the judgments, the respective judgment creditors instituted suits against the surety in those bonds. Service having been duly made, the defendant appeared and filed an exception to the jurisdiction of the court in each case, upon the ground that the cause of action was a matter exclusively cognizable in the District Courts of the United States, but the court overruled the exception aud gave judgment for the plaintiff, whereupon the defendant sued out a writ of error in each case and re■moved the same into this court.
 

 Briefly stated, the defence in the court below was that the action was founded on a bond given for the sale of the schooner seized under admiralty process in a proceeding
 
 in
 
 rem, over which the State court had no jurisdiction
 
 radone maierice, “
 
 and that the bond was taken
 
 coram non judice
 
 and is void.” Enough has already been remarked' to show that the theory of fact assumed in the exception is not Correct, as the respective suits instituted by the mariners were suits
 
 in personam
 
 against the owner of the schooner and not suits
 
 in rem
 
 against the vessel, as assumed in the exception. Were the fact as supposed, the conclusion assumed would follow, as it is well-settled law that common law remedies are not appropriate nor competent to enforce a maritime lien by a proceeding
 
 in rem,
 
 aud consequently that the jurisdiction conferred upon the District Courts, so far as respects that mode of proceeding, is exclusive.
 

 State legislatures have no authority to create a maritime lien, nor can they confer any jurisdiction upon a State court to enforce such a lien by a suit or proceeding
 
 in rem,
 
 as practiced in the admiralty courts, but whenever a maritime lien arises the injured party may pursue his remedy by a suit
 
 in personam
 
 or by a proceeding
 
 in rem
 
 at his election. Such a party may proceed
 
 in rem
 
 in the admiralty, and if he elects to pursue his remedy in that mode he cannot proceed iu any other form, as the jurisdiction of the admiralty courts is exclusive in respect to that mode of pi’oceeditlg, but such a party is not restricted to that mode of proceeding, even in the Adn iralty Court, as he may waive his lien and proceed
 
 *191
 

 in personam
 
 against the owner or master of the vessel in the same.jurisdiction, nor is he compelled to proceed in the admiralty at all, as he may resort to his common law remedy in the State courts, or in the Circuit Court, if he and his debtor are citizens of different States.
 

 Suitors, by virtue of the saving clause in the ninth section of the Judiciary Act conferring jurisdiction in admiralty upon the District Courts, have the right of a common law remedy in all cases “ where the common law is competent to give it,” and the common law is as competent as the admiralty to give a remedy in all cases where the suit is
 
 in personam
 
 against the owner of the property.
 

 Attempts have been made to show that the opinion of the court in the case of
 
 The Moses
 
 Taylor,
 
 *
 
 and the opinion of the court in the ease of
 
 The Hiñe
 
 v. Trevor,
 
 †
 
 are inconsistent with the views here expressed, that the court in those cases do not admit that a party in such a ease can ever have a remedy in a State court, but it is clear that every such suggestion is without foundation, as plainly appears from the brief explanations given in each case by the justice who delivered the opinion of the court. Express reference is made in each of those eases to the clause in the ninth section of the Judiciary Act which gives to suitors the right of a common law remedy where the common law is competent to give it, and there is nothing in either opinion, when the language employed is properly applied to the subject-matter then under consideration, in the slightest degree inconsistent with the more elaborate exposition of the clause subsequently given in the opinion of the court in the case of
 
 The Belfast,
 

 ‡
 

 in which all the members of the court as then constituted concurred. Those explanations are a part of the respective opinions, and they expressly recognize the right of the suitor to his common lawT action and remedy by attachment as provided in the saving clause of the ninth section of the Judiciary Act.
 

 Common law remedies are not competent to enforce a maritime lien by a proceeding
 
 in rem,
 
 and consequently the
 
 *192
 
 original jurisdiction to enforce such a lien by that mode of proceeding is exclusive in the District Courts, which is precisely what was decided in each of the three cases to which reference is made. Authority, therefore, does not exist in a State court to hear and determine a suit
 
 in rem,
 
 founded upon a maritime contract in which a maritime lien arises, for the purpose of enforcing such a lien. Jurisdiction in such cases is exclusively in the District Courts, subject to appeal as provided in the acts of Congress, but such a lien does not arise in a contract for materials and supplies furnished to a vessel in her' home port, and in respect to such contracts it is competent for the States to create such liens as their legislatures may deem just and expedient, not amounting to a regulation of commerce, and to enact reasonable rules and regulations prescribing the mode of their enforcement.
 
 *
 

 Even where a maritime lien arises the injured party, if he sees fit, may waive his lien and proceed by a libel
 
 in personam
 
 in the admiralty, or he may elect not to go into admiralty at all, and may resort to his co.mmon law remedy, as the piaintiffs in these cases did, in the subordinate court. They brought their suits in the State court against the owner of the schooner, as they had a right to do, and having obtained judgments against the defendant they might levy their executions upon any property belonging to him, not exempted from attachment and execution, which was situated in that jurisdiction.
 

 Undoubtedly they- might also resort to the bond given when the schooner was released, but they were not compelled to do so if the sheriff could find other property belonging to the debtor. By the return of the sheriff it appears that other property to satisfy the executions could not be found, and under those circumstances they brought these suits against the surety in those bonds, as they clearly had a right to do, whether the question is tested by the laws of Congress or the decisions of this court.
 

 Judgment affirmed.
 

 *
 

 1 Stat. at Large, 78; The Belfast, 7 Wallace, 642, 644
 

 *
 

 4 Wa ace, 411.
 

 †
 

 Ib. 555.
 

 ‡
 

 7 Wallace, 642.
 

 *
 

 The Belfast, 7 Wallace, 643; The St. Lawrence, 1 Black, 529.