By the Court.—Mohell, Ch. J.
The current and weight of authority in this State is, that the act of 1862, “ to provide for the collection of demands against ships and' vessels,” is unconstitutional only as to claims founded upon maritime contracts. In respect to demands which are not in their nature maritime, the State courts can proceed and enforce their collection under the act referred to.
This limitation of the act is authoritatively decided by the court of appeals, in Sheppard v. Steele (43 N. Y. 52), and in Brookman Hamill (Id. 554). The earlier case of Bird v. The Josephine (39 Id.19), which failed to recognize the distinction, is explained by the court in Brookman v. Hamill, and found not to conflict with more recent adjudications.
The ground upon which the act is declared to be unconstitutional is, that in respect to maritime contracts, the States have granted to the Federal courts exclusive *121 jurisdiction, thus divesting the State tribunals of all jurisdiction, in such cases, to proceed in rem.
The question, therefore, in cases arising under the act, must always be, whether the demand arises under a maritime contract. That will determine the validity or invalidity of the State law.
A distinction, attempted in some of the cases, collected and reviewed, in Brookman v. Hamill {supra), between mere maritime contracts, and such as create a maritime' lien in rem, is repudiated by the latter case ; and it is held to be immaterial whether the admiralty courts do or do not proceed in ren ; the test being the nature of the claim, whether maritime or otherwise, and not the mode of enforcing it.
The ship in question was a sea-going vessel, engaged in foreign commerce. She was “ domesticated,” when the work was done, in the port of New York, and was there repaired and fitted for sea.
This, under the decisions in this State, was a maritime claim. In re The Josephine (supra), the claim was for supplies furnished. In Brookman v. Hamill, it was for wharfage of the vessel. Over such claims, as our courts have held, courts of admiralty have exclusive jurisdiction.
The case of The Belfast (7 Wall. 624), holding that a maritime claim does not arise upon a contract for material and supplies furnished, to a vessel in her home port, is examined in Brookman v. Hamill, and the remark of the learned justice in the “ Belfast” case, is applied only to cases in which the contract is not maritime, and not as intending to decide, that claims for supplies, &c., if furnished at the home port, were not of a maritime nature.
A similar criticism, in effect, was later made by the same court, in Vose v. Cockcroft (44 N. Y. 415, 420 ; see also Sheppard v. Steele, ubi sup).
But the courts of the United States still adhere to *122 the views expressed in The Belfast, and they refuse to recognize, as the subjects of admiralty lien or contract, materials and supplies furnished to a vessel, while in her home port (Leon v. Galceran, 11 Wall. 185). A singular phase, a part of the history of this case, and as exhibiting this conflict of views, between the Federal and State courts, is the result of a proceeding in rem, in the district court of the United States, growing out of the same claim, The ship, upon which the plaintiffs performed the work, was libeled and sold, under a decree of that court. The plaintiffs, claiming a lien upon the proceeds, for their work and materials, petitioned the court to be paid their claim. But the court, following The Belfast (sup.), and Leon v. Galceran (sup.), held, that a maritime lien did not arise on a contract for materials and supplies furnished to a vessel in her home port, even though such contract might be a maritime contract. Judge Blatcheord, in his opinion, says: “It is also a principle recognized by the federal courts, that, in respect to a maritime contract for materials and supplies furnished to a vessel in her home port, a State may lawfully create such liens. ”
The learned district judge also recognized the differerent principle established by our State courts, in The Josephine (supra), and Brookman v. Hamill (supra), where, as we have seen, it is held, “ that all State legislation providing for the enforcement of a maritime claim or contract, in any other manner than by a common law remedy, infringes on the exclusive jurisdiction of the Federal courts, and violates the constitution of the United States.”
But the learned judge, after holding that the contract in the present case, being one for labor and materials, furnished by shipwrights, in making repairs to a vessel on the water, was a maritime contract, held it to be of no consequence whether, under the decisions of the State courts, and their interoretation of the State *123 law, the contract was or not one which the admiralty' court would enforce by a proceeding in rem against the vessel; or the proceedings in rem against the ship as far as they were authorized by the State law, they were wholly void or not.
As .a - final result of the plaintiffs’ petition in the district court, it was held, that they had no maritime lien upon the vessel; and, therefore, were not entitled to participate in the proceeds.
The decree of the district court, containing the foregoing decision, has since, on appeal to the circuit court of the United States, been, in all respects, affirmed.
Nevertheless, it may be regarded as settled in this State, that contracts for work and materials for a seagoing vessel are maritime contracts, to enforce which, by a proceeding in rem, the courts of admiralty have exclusive jurisdiction. And, therefore, as to such contracts, the act of 1862 is unconstitutional.
There is ho force in the suggestion of the plaintiff’s counsel, that the action being upon the bond it is in personam, and not in rem. This objection is covered by the case of Vose v. Cockcroft (sup.), which, like this, was an action upon the bond ; and the court say, if the attachment proceeding is void, the bond falls with it.
Notwithstanding the conflict existing between our own and the Federal courts, I feel bound by our own decisions.
The power to review such decisions, which is vested in the supreme court of the United States, does not abate the authority of the court of last resort in the State, over inferior tribunals; and therefore, notwithstanding the Federal courts have gone further, to sustain a State law, than our own courts have seen fit to go, we must abide by our own decisions.
Until either the Federal or the State courts recede from their present position in respect to this question, *124 parties having similar causes of action, will be confined to their common law remedies. They cannot obtain, in either court, as the decisions now stand, a remedy in rein.
The verdict must be set aside, and judgment absolute, with costs, rendered for the defendants.
Freedman, J., concurred