Wyly, J.
The plaintiff sued the defendants for his wages as captain of the steamboat Frolic and provisionally seized the vessel, which was afterwards released on bond.
The defendants were subsequently adjudged bankrupts, and their assignee was made party, contradictorily with whom this case was tried, and judgment rendered in favor of plaintiff for the amount of his claim, eight hundred and seventy dollars.
The assignee has appealed. This is a personal action against the owners, the vessel being seized to enforce the lien accorded by article 8204 R. C., under the conservatory remedy of provisional seizure. C. P. 285, 289.
It is not a proceeding in rem to enforce a maritime lien. Therefore there is no force in the objection that the State court was without jurisdiction. Lew v. Galceran, 11 Wall. 185.
It is contended, however, that the decree of bankruptcy divested the court of jurisdiction, and that it had no authority to proceed to trial and render judgment against the assignee; that the plaintiff should have gone into the bankrupt court to enforce his claim.
The State court having obtained lawful jurisdiction over the parties and subject matter could not be divested thereof by the bankrupt court.
“ Congress could, no doubt, have made an adjudication in bankruptcy operate proprio vigore to transfer all causes which should be pending-in other courts at the time of the filing of the petition and to which the bankrupt should be a party, from those tribunals into the court of bankruptcy. It has not, however, done so.
It not only has not deprived other courts of jurisdiction over such cases, but it has provided for their prosecution and defense in those *26 courts by the assignee. This principle applies not only to all ordinary actions to collect debt, but also to all proceedings to enforce a lien so long as the amount due is in dispute or remains unascertained.” Bump’s Law and Practice of Bankruptcy, sixth edition, pages 187, 198, 199, and authorities there cited.
The demand oí the plaintiff is fully established by the evidence in the record.
Judgment affirmed.
Rehearing refused.