**Orlando CORONEL, Plaintiff,**

v.

**AK VICTORY, et al., Defendants.**

**Case No. C13–2304JLR.**

United States District Court,
W.D. Washington,
at Seattle.

Signed Feb. 28, 2014.

James Milan Beard, Beard Stacey & Jacobsen LLP, Seattle, WA, for Plaintiff.

Michael A. Barcott, Holmes Weddle & Barcott, Seattle, WA, for Defendants.

## ORDER GRANTING MOTION FOR REMAND

JAMES L. ROBART, District Judge.

### I. INTRODUCTION

Before the court is Plaintiff Orlando Coronel's amended motion to remand this action to state court pursuant to 28 U.S.C. § 1447(c). (*See* Mot. (Dkt. # 10).) Plaintiff originally filed this suit in the King County Superior Court in the State of Washington, alleging claims for maintenance, cure, and lost wages under general maritime law and for damages under the Jones Act, 46 U.S.C. § 30104. (*See* Compl. (Dkt. # 1–2).) Defendants AK Victory, Inc. and The Fishing Company of Alaska removed the action to this court, citing 28 U.S.C. § 1333 as the basis for federal subject matter jurisdiction. (Not. of Rem. (Dkt. # 1) at 2.) Having considered the submissions of the parties, the balance of the record, and the relevant law, and no party having requested oral argument, the court GRANTS Plaintiff's motion for remand.

### II. BACKGROUND

Plaintiff alleges that he was employed as a seaman on the F/V Alaska Victory, a commercial fishing vessel owned and operated by Defendants. (Compl. ¶¶ 1.1, 2.1–2.3.) Plaintiff alleges that while serving on the Alaska Victory, he sustained injuries

first to his left shoulder and later to his right ankle due to the unseaworthiness of the Alaska Victory and the negligence of Defendants. (*Id.* ¶¶ 4.1–4.2.) After Plaintiff originally filed suit in Washington state court, Defendants removed the action to this court. (*See generally* Not. of Rem.) Plaintiff now moves to remand. (*See* Mot.)

## III. ANALYSIS

 It is a "longstanding, near-canonical rule that the burden on removal rests with the removing defendant." *Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 684 (9th Cir.2006). It is to be "presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal punctuation omitted). Courts in the Ninth Circuit "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (citing *Boggs v. Lewis,* 863 F.2d 662, 663 (9th Cir.1988)). Similarly, "statutes extending federal jurisdiction ... are narrowly construed so as not to reach beyond the limits intended by Congress." *Phillips v. Osborne,* 403 F.2d 826, 828 (9th Cir.1968)

 In short, federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus,* 980 F.2d 564 (citing *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979)).

Here, Plaintiff brings two types of claims: claims under general maritime law and a claim under the Jones Act. (*See* Compl. ¶ 5.1.) The court addresses the removability of each type of claim below. The court concludes that Defendants fail to meet their burden to establish that these either of claims lies within the limited jurisdiction of this federal court. *See Abrego Abrego,* 443 F.3d at 684.

## A. Claims Under General Maritime Law

### 1. The Removal Statute

Both parties' arguments for or against the removal of Plaintiff's general maritime law claims focus on the language of the removal statute, 28 U.S.C. § 1441. The court concludes, however, that it is the statutory grant of admiralty jurisdiction, 28 U.S.C. § 1333, and more than 200 years of precedent interpreting this grant, that ultimately determine the removability of Plaintiff's claims.

The removal statute, as amended in 2011, provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (2012).

The statutory grant of admiralty jurisdiction provides:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled....

28 U.S.C. § 1333 (2012).

Defendants reason that because district courts have original jurisdiction over "any civil case of admiralty or maritime jurisdiction," *id.,* Plaintiff's claims under general maritime law can be removed according to the plain language of Section 1441(a), which permits removal of "any civil action brought in a State court of which the district courts ... have original jurisdiction," 28 U.S.C. § 1441(a) (2012). (Resp.

(Dkt. # 12) at 8–10.) Precedent holds, however, that general maritime claims are not removeable absent an independent ground of federal subject matter jurisdiction, such as diversity jurisdiction. *See, e.g., Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1069 (9th Cir.2001); *In re Dutile,* 935 F.2d 61, 63 (5th Cir.1991). Defendants argue that this precedent is inapplicable because it relied on language in the removal statute that was later modified or removed by the 2011 amendments to the Federal Rules of Civil Procedure ("2011 Amendments"). (Resp. at 4–6.) Specifically, although Section 1441(a) was unchanged by the 2011 Amendments, Section 1441(b) previously read:

> (b) Any civil action of which the district courts have original jurisdiction *founded on a claim or right arising under the Constitution, treaties, or laws of the United States* shall be removable without regard to the citizenship of residence of the parties. *Any other such action* shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (2006) (emphasis added). The Fifth Circuit reasoned that the prior version of Section 1441(b) constituted an "Act of Congress" that "expressly provided" that maritime claims were not removable under Section 1441(a). *In re Dutile,* 935 F.2d at 63. Maritime claims do not "arise under" federal law for the purposes of federal question jurisdiction. *See Romero v. Int'l Terminal Operating Co.,* 358 U.S. 354, 367, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). Accordingly, the Fifth Circuit concluded that maritime claims fell into the category of "any other such action[s]," as defined by the second sentence of then-Section 1441(b), that were removeable only if no defendant was a citizen of the state in which the action was brought. *In re Dutile,* 935 F.2d at 63. Although, read strictly, the second sentence of the previous version of § 1441(b) imposes only the forum defendant rule, the Fifth Circuit extrapolated from this sentence that maritime claims could not be removed absent diversity jurisdiction under 28 U.S.C. § 1332. *Id.* Other courts followed suit. *See e.g., Morris,* 236 F.3d at 1069.

The 2011 Amendments, however, clarified that the forum defendant rule in Section 1441(b) applies only to actions in which subject matter jurisdiction is based solely on diversity of citizenship, stating:

> (b) Removal Based on Diversity of Citizenship.—
>
> . . .
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (2012). Defendants rely on a series of recent cases from lower courts in the Fifth Circuit holding that the removal of the language "any other such action" from Section 1441(b) eliminated the diversity requirement for maritime claims, such that maritime claims are now freely removable as claims over which the federal courts have original jurisdiction. *See, e.g., Ryan v. Hercules Offshore, Inc.,* 945 F.Supp.2d 772 (S.D.Tex.2013); *Wells v. Abe's Boat Rentals Inc.,* 2013 WL 3110322 (S.D.Tex.2013); *Bridges v. Phillips 66 Co.,* CIV.A. 13–477–JJB, 2013 WL 6092803 (M.D.La. Nov. 19, 2013). *Carrigan v. M/V AMC Ambassador,* CIV.A. H–13–03208, 2014 WL 358353 (S.D.Tex. Jan. 31, 2014). Defendants argue that the court must implement the plain language of the new version of the removal statute strictly, even if doing so contravenes traditional maritime practices. (Mot. at 17.)

Plaintiff, for his part, maintains that the 2011 Amendments should not be read to modify the removability of maritime claims. (Reply (Dkt. # 12) at 2–5.) Plaintiff cites to the legislative history of the 2011 Amendments to argue that Congress had no intention of reworking the removability of maritime claims.[1] (Reply at 4–6 (citing *Finley v. United States*, 490 U.S. 545, 554, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) ("[I]t will not be inferred that Congress, in revising and consolidating the laws, intended to change their effect unless such intention is clearly expressed.")))) Plaintiff also argues that the removal statute should be read in the context of the overarching history of admiralty jurisdiction, throughout which maritime claims have traditionally not been removable absent an independent ground for federal subject matter jurisdiction. (Reply. at 9–12 (citing *Romero*, 358 U.S. at 363, 79 S.Ct. 468)). Finally, Plaintiff offers an

alternative interpretation of Section 1441(a), stating that the term "original jurisdiction" in fact means "federal question jurisdiction" under 28 U.S.C. § 1331.[2] (Reply at 6.)

At first glance, Defendant's argument based on the plain language of the removal statute is compelling. This argument, however, elides the distinction between maritime claims brought in admiralty and maritime claims brought at law. Specifically, Defendant's plain language argument is predicated on two erroneous ideas: (1) that 28 U.S.C. § 1333 confers original federal subject matter jurisdiction over maritime claims brought at law, and (2) that defendants are permitted to convert plaintiffs' suits at law to suits in admiralty in order to obtain a federal forum. As explained below, both premises are irreconcilable with settled maritime law.

1. Indeed, the portions of the legislative history that the court has reviewed do not express any intention to rework the removability of maritime claims. *See, e.g.*, H.R.Rep. No. 112–10, at 11 (2011), 2011 U.S.C.C.A.N. 576; *see also Garcia v. United States*, 469 U.S. 70, 76, 105 S.Ct. 479, 83 L.Ed.2d 472 (1984) ("In surveying legislative history ... the authoritative source for finding the Legislature's intent lies in the Committee Reports on the bill.") Rather, it seems that Congress, to the extent it considered admiralty jurisdiction at all, assumed that admiralty cases were already not removable absent some other basis of federal jurisdiction and that nothing in the 2011 Amendments would change that. *See* H.R.Rep. No. 112–10 (indicating that the bill tracked a proposal by the American Law Institute, which in turn had expressly excluded claims removable solely due to admiralty jurisdiction based on the understanding that such an exclusion was settled law); *see also* Federal Judicial Code Revision Project, Part III at 334–35 (2004) (American Law Institute proposal).

2. The court notes that such an interpretation violates two canons of statutory construction. First, this interpretation is inconsistent with the remainder of Chapter 28 of the

United States Code, in which "original jurisdiction" refers to the courts original jurisdiction in general, and is not limited to a specific type of jurisdiction, federal question or otherwise. *See, e.g.*, 28 U.S.C. §§ 1331; 1332; 1335. However, it is a "basic canon of statutory construction that identical terms within an Act bear the same meaning." *Taylor v. Dir., Office of Workers Comp. Programs*, 201 F.3d 1234, 1240 (9th Cir.2000). Second, this interpretation also overlooks the fact that Section 1441(c) of the removal statute refers explicitly to federal question jurisdiction as jurisdiction "arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)"—not as "original jurisdiction." 28 U.S.C. § 1441(c). Yet, it is the "usual rule that when the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended." *Sosa v. Alvarez–Machain*, 542 U.S. 692, 712, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004). Plaintiff provides no explanation as to why the court should depart from these principles of statutory construction.

## 2. History of Admiralty Jurisdiction

### a. Statutory grant of admiralty jurisdiction

In order for a lower federal court to exercise subject matter jurisdiction there must be both a constitutional and a statutory basis of jurisdiction. *See The Mayor v. Cooper*, 73 U.S. (6 Wall.) 247, 252, 18 L.Ed. 851 (1868); *Sheldon v. Sill*, 49 U.S. 441, 442, 8 How. 441, 12 L.Ed. 1147 (1850). Article III, Section 2 of the United States Constitution vests federal courts with jurisdiction over "all cases of admiralty and maritime jurisdiction." U.S. Const. art. III, § 2. Section 9 of the Judiciary Act of 1789 originally codified this grant of jurisdiction as follows:

> That the district courts shall have, exclusively of the courts of the several States ... exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction ... within their respective districts as well as upon the high seas; *saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it.*

Ch. 20, § 9, 1 Stat. 76–77 (emphasis added).

The highlighted portion is known as the "saving to suitors" clause. Congress has revised the language of this clause over the years, but the substance has remained largely unchanged. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 443–44, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001) (citing various revisions to the statute). The statute now states: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of ... any civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled.*" 28 U.S.C. § 1333 (2012) (emphasis added).

The Supreme Court has interpreted this clause as preserving to maritime litigants "all means other than

proceedings in admiralty which may be employed to enforce the right or to redress the injury involved." *Lewis*, 531 U.S. at 455, 121 S.Ct. 993 (citing *Red Cross Line v. Atlantic Fruit Co.*, 264 U.S. 109, 124, 44 S.Ct. 274, 68 L.Ed. 582 (1924)). It short, the clause reserves to plaintiffs all remedies traditionally available at common law via in personam proceedings. *Id.* As a result, federal courts' admiralty jurisdiction "is 'exclusive' only as to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien." *Madruga v. Superior Court of State of Cal. in & for San Diego Cnty.*, 346 U.S. 556, 560–61, 74 S.Ct. 298, 98 L.Ed. 290 (1954); *see also Am. Dredging Co. v. Miller*, 510 U.S. 443, 446–47, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994) ("An *in rem* suit against a vessel is ... distinctively an admiralty proceeding, and is hence within the exclusive province of the federal courts."). State courts remain "competent to adjudicate maritime causes of action in proceedings in personam, that is, where the defendant is a person, not a ship or some other instrument of navigation." *Madruga*, 346 U.S. at 561, 74 S.Ct. 298 (internal punctuation omitted).

The Supreme Court held that, although the saving to suitors clause preserved state courts' concurrent jurisdiction of in personam maritime claims, it did not prevent federal courts sitting at law from adjudicating common law maritime claims that otherwise fell within the court's subject matter jurisdiction. *The Belfast*, 74 U.S. 624, 644, 7 Wall. 624, 19 L.Ed. 266 (1868); *see also The Moses Taylor*, 71 U.S. 411, 431, 4 Wall. 411, 18 L.Ed. 397 (1866) ("It is not a remedy in the common-law courts which is saved, but a common-law

remedy."). From the beginning, then, the savings clause provided maritime litigants three alternatives:

> Since the enactment of the Judiciary Act of 1789, maritime suitors have had the option of bringing maritime claims (seeking remedies the common law is competent to give) in federal court under admiralty jurisdiction, in state court, or in federal court under an independent ground of jurisdiction such as diversity of citizenship.

*The Belfast*, 74 U.S. at 644. Early cases required a maritime claim brought at law in federal court to establish subject matter jurisdiction on some ground (usually diversity jurisdiction) independent of the grant of admiralty jurisdiction.[3] *See Leon v. Galceran*, 78 U.S. 185, 188, 11 Wall. 185, 20 L.Ed. 74 (1870) ("[W]hen the suit is *in personam* against the owner or master of the vessel, the mariner may proceed by libel in the District Court, or he may, at his election, proceed in an action at law either in the Circuit Court, if he and his debtor are citizens of different States, or in a State court."); *Am. Steamboat Co. v. Chase*, 83 U.S. 522, 533, 16 Wall. 522, 21 L.Ed. 369 (1872) (same); *Norton v. Switzer*, 93 U.S. 355, 356, 23 L.Ed. 903 (1876) ("Parties in maritime cases are not . . . compelled to proceed in the admiralty at all, as they may resort to their common-law remedy in the State courts, or in the Circuit Court, if the party seeking redress and the other party are citizens of different States."); *The Belfast*, 74 U.S. at 644 (stating that a maritime litigant "may elect not to go into admiralty at all, and may resort to his common law remedy in the State courts or in the Circuit Court of the

United States, if he can make proper parties to give that court jurisdiction of his case"). Similarly, admiralty claims were only removable from state court if they met the requirements of diversity jurisdiction.[4] *See* Ch. 20, § 12, 1 Stat. 76–77.

### b. Differences between maritime claims in admiralty and at law

Admiralty law "includes a host of special rights, duties, rules, and procedures," *Lewis*, 531 U.S. at 446, 121 S.Ct. 993, some of which are unique to suits in admiralty and some of which are applicable to suits at law. As discussed above, a suit in admiralty provides unique remedies such as *in rem* proceedings against a vessel and maritime liens. *See Knapp, Stout & Co. Co. v. McCaffrey*, 177 U.S. 638, 642, 20 S.Ct. 824, 44 L.Ed. 921 (1900); *Am. Dredging Co. v. Miller*, 510 U.S. at 446–47, 114 S.Ct. 981; Supp. Admiralty R. (C). However, the same substantive maritime law applies regardless of whether a maritime cause of action is brought in admiralty or at law. *Carlisle Packing Co. v. Sandanger*, 259 U.S. 255, 259, 42 S.Ct. 475, 66 L.Ed. 927 (1922). This is because the Supreme Court has consistently distinguished between the concepts of rights and remedies. *See, e.g., Chelentis v. Luckenbach S.S. Co.*, 247 U.S. 372, 383–84, 38 S.Ct. 501, 62 L.Ed. 1171 (1918) ("[U]nder the saving clause a right sanctioned by the maritime law may be enforced through any appropriate remedy recognized at common law . . . ."). As such, a suit brought at law under the savings clause is "not restricted to the enforcement of common law rights." *Seas Shipping Co. v. Sieracki*, 328 U.S. 85,

---

3. The other primary grant of jurisdiction by the Judiciary Act of 1789 was diversity jurisdiction. *See* Ch. 20, § 11, 1 Stat. 76–77. Federal question jurisdiction was not introduced until 1875. *See* Jurisdiction and Removal Act of 1875, Ch. 137 § 1, 18 Stat. 470 (repealed 1948).

4. The Judiciary Act of 1789 only provided for removal jurisdiction of diversity—but not admiralty—claims. *See* Ch. 20, § 12, 1 Stat. 76–77.

106, 66 S.Ct. 872, 90 L.Ed. 1099 (1946) (citing *Chelentis,* 247 U.S. at 384, 38 S.Ct. 501). To the contrary, "a right peculiar to the law of admiralty may be enforced either by a suit in admiralty or by one on the law side of the court." *Id.* Therefore, the "general rules of the maritime law apply whether the proceeding be instituted in an admiralty or common-law court." *Carlisle Packing,* 259 U.S. at 259, 42 S.Ct. 475; *see also Seas Shipping,* 328 U.S. at 106, 66 S.Ct. 872 ("When a cause of action in admiralty is asserted in a court of law its substance is unchanged."); *Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 222–23, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986) (holding that states entertaining in personam maritime causes of action are "constrained by a so-called 'reverse-*Erie*' doctrine which requires that the substantive remedies afforded by the States conform to governing federal maritime standards.")

As to procedure, historically, the federal courts maintained separate dockets and separate rules of procedure for cases under admiralty and law jurisdiction. *See Wilmington Trust v. U.S. Dist. Court for Dist. of Hawaii,* 934 F.2d 1026, 1029 (9th Cir.1991); Erastus C. Benedict, *Benedict on Admiralty* § 133 (2013). In 1966, the separate dockets were merged and the Federal Rules of Procedure were made applicable to admiralty claims. *See* Benedict, *supra,* § 133; *Wilmington Trust,* 934 F.2d at 1029; Fed.R.Civ.P. 1. Nonetheless, some procedural differences persist. *See, e.g.,* Fed.R.Civ.P. 14(c) (third party practice), 38(e) (no jury trial), 82 (lack of venue restriction), *see generally* Supp. Admiralty R. (B) (attachment), (C) (in rem actions); (D) (partition actions), (F) (limitation of liability). Accordingly, when a claim falls within federal subject matter jurisdiction

both on admiralty jurisdiction and on some other ground, a party must designate the claim as an admiralty claim in order for the different procedural rules to apply. Fed.R.Civ.P. 9(h); *see also Wilmington Trust,* 934 F.2d at 1032 ("A [Rule] 9(h) designation today is equivalent to the earlier practice of filing a claim on the admiralty side of the court prior to the merger.")

Perhaps the most salient distinction persisting between maritime claims brought in admiralty and at law is the right to a jury trial. *Lewis,* 531 U.S. at 455, 121 S.Ct. 993. The Seventh Amendment does not extend to cases falling within the admiralty jurisdiction; therefore, in the absence of a statute providing otherwise, a district court whose subject matter jurisdiction is premised solely upon admiralty decides the case without a jury. *See Fitzgerald v. U.S. Lines Co.,* 374 U.S. 16, 17, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963); Fed.R.Civ.P. 38(e); *see also Ghotra by Ghotra v. Bandila Shipping, Inc.,* 113 F.3d 1050, 1054–55 (9th Cir.1997) ("The difference between these choices is mostly procedural; of greatest significance is that there is no right to jury trial if general admiralty jurisdiction is invoked, while it is preserved for claims based in diversity or brought in state court.")

#### c. *Romero*

The Supreme Court's decision in *Romero v. International Terminal Operating Company,* 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959) is the leading case on the subject admiralty jurisdiction. In *Romero,* the plaintiff seaman, who was injured while working on a cargo vessel, filed claims under general maritime law for maintenance, cure, and unseaworthiness on the law side of the federal district court.[5] *Id.* at 360, 79 S.Ct. 468. The

---

5. The plaintiff also asserted a Jones Act claim, whose disposition is not material to this case.

*Id.* at 360, 79 S.Ct. 468.

plaintiff sought to invoke federal question jurisdiction under 28 U.S.C. § 1331, which granted federal courts original jurisdiction over "all civil actions wherein the matter in controversy ... arises under the Constitution, laws or treaties of the United States."[6] *Id.* at 357, 79 S.Ct. 468 (quoting 28 U.S.C. § 1331 (1958).) Federal question jurisdiction was first established under the Judiciary Act of 1875. *Id.* at 360, 79 S.Ct. 468 (citing Act of March 3, 1875, § 1, 18 Stat. 470). Therefore, the question before the Supreme Court was: "Whether the Act of 1875 permits maritime claims rooted in federal law to be brought on the law side of the lower federal courts." *Id.*

The Supreme Court answered this question in the negative. *See id.* at 364, 368, 79 S.Ct. 468 (reasoning that the nine classes of judicial power extended by the Constitution, of which admiralty and federal question are two, constitute separate and distinct spheres of jurisdictional authority). Aside from the textual rationale, the Supreme Court's opinion bespeaks two fundamental principles: (1) that saving clause cases were not freely cognizable on the law side of federal courts under 28 U.S.C. 1333, and (2) that saving clause cases were not removable based on the court's original admiralty jurisdiction alone.

First, inherent in both the majority and the dissent's analysis is the conception that 28 U.S.C. § 1333 did not convey subject matter jurisdiction to federal courts hearing maritime claims brought at law.[7] The majority reaffirmed that, under the first Judiciary Act of 1789, admiralty jurisdiction was "exercised according to the historic procedure in admiralty, by a judge without a jury. In addition, common-law remedies were, under the saving clause, enforceable in the courts of the States and on the common-law side of the lower federal courts *when the diverse citizenship of the parties permitted.*" *Id.* at 363, 79 S.Ct. 468 (emphasis added). The majority balked at the suggestion that the Act of 1875 permitted maritime claims to be brought on the law side of federal courts because "[t]here is not the slightest indication of any intention ... from which it can be inferred that by the new grant of jurisdiction of cases 'arising under the Constitution or laws' a drastic innovation was impliedly introduced in admiralty procedure, whereby Congress changed the method by which federal courts had administered admiralty law for almost a century." *Id.* at 369, 79 S.Ct. 468. The majority found that "[t]o draw such an inference is to find that a revolutionary procedural change had undesignedly come to pass." *Id.* (reasoning that, if general maritime claims fell under federal question jurisdiction, the admiralty courts would then have no role except to afford *in rem* remedies). But if maritime claims

---

6. The federal question statute now reads: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2012).

7. *Romero* resolved a circuit split. On one side of the split, the Second Circuit held that "[t]here is no doubt that the 'saving to suitors' clause in intended to save common law remedies and, since these are referred to as 'other' remedies in the present form of the statute it is inescapable, under the letter of the present form, that common law remedies are not included in the grant of admiralty and maritime

jurisdiction." *Paduano v. Yamashita Kisen Kabushiki Kaisha,* 221 F.2d 615, 620 (2d Cir. 1955). The court noted that the saving to suitors clause could be interpreted as either (1) saving common law remedies from federal courts' exclusive jurisdiction or (2) saving common law remedies from federal courts' original jurisdiction. *Id.* at 620–21. The court found that, the based on the language of section 9 of the Judiciary Act of 1789 that withheld jury trials from admiralty claims, Congress intended to except common law remedies from federal court's original jurisdiction. *Id.*

at law were already freely cognizable on the law side of the court under Section 1333, the application of federal question jurisdiction to maritime claims would not have been viewed as working a "drastic innovation" or "revolutionary procedural change" in the administration of admiralty claims. So, too, would admiralty courts have already been limited to deciding in rem actions.

Justice Brennan, dissenting in part and concurring in part, also started from the same premise. The dissent stated that, with respect to the Saving Clause, "[i]t is clear from the Court's language that the common-law remedies saved to suitors could properly be enforced in any tribunal *otherwise having jurisdiction* ..." *Id.* at 407, 79 S.Ct. 468 (Brennan, J., dissenting) (emphasis added). When referencing pre–1875 cases holding that saving clause actions could be brought on the law side of a federal court only when there was diversity of citizenship, the dissent confirmed that that "it can hardly be denied that these statements were correct when made." *Id.* at 406, 79 S.Ct. 468. The dissent then framed the issue as one of exclusion, arguing: "There is no compelling reason why § 1333, which does not exclude maritime actions from being brought at law in a federal court under § 1332, should exclude them from being so brought under § 1331." *Id.* at 396, 79 S.Ct. 468. Implicit in the statement that Section 1333 did not exclude maritime actions brought at law under diversity is the premise that Section 1333 did not itself grant jurisdiction over maritime actions at law.[8]

Second, fundamental to the majority's analysis is the concept that saving clause cases were not removable under Section 1441(a) based on the court's original admiralty jurisdiction alone. Specifically, the majority was concerned that including maritime claims within the scope of federal question jurisdiction would take away the "historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal," because "saving-clause actions would then be freely removable under" Section 1441(b).[9] *Id.* at 372, 79 S.Ct. 468. Emphasizing the joint role that state and federal governments played in developing and administering maritime law, the majority found that unfettered removal of maritime claims would vitiate the principles of federalism underlying the saving to suitors clause. *Id.* at 372–75, 79 S.Ct. 468 ("By making maritime cases removable to the federal courts it would make considerable inroads into the traditionally exercised concurrent jurisdiction of the state courts in admiralty matters—a jurisdiction which it was the unquestioned aim of the saving clause of 1789 to preserve.") Both of these principles, which inform the question confronting the court today, have been borne out time and again in caselaw since *Romero*.

### d. Court decisions post-*Romero*

After the decision in *Romero*, courts have continued to distinguish between maritime claims brought at law and in admiralty, and have consistently required an independent basis of subject matter jurisdiction for maritime claims filed at law. For instance, the Ninth Circuit

---

8. Although the dissent maintained that "there is no authority for limiting the law-side jurisdiction to diversity cases once the 1875 Act had been passed," *Romero*, 358 U.S. at 396, 79 S.Ct. 468 (Brennan, J., dissenting), today, of course, the majority opinion in *Romero* provides just that authority.

9. Section 1441(b) at the time provided that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship of the parties." 28 U.S.C. § 1441(b) (1958).

Court of Appeals recognized that the " 'saving-to-suitors' clause establishes the right of a party to choose whether to proceed within the court's admiralty jurisdiction or general civil jurisdiction when both admiralty and non-admiralty federal jurisdiction exist" and that "[m]any claims ... are cognizable by the district courts whether asserted in admiralty or in a civil action, assuming the existence of a nonmaritime ground of jurisdiction." *Wilmington Trust*, 934 F.2d at 1029. The Ninth Circuit also reiterated that a plaintiff with in personam maritime claims has three choices: "He may file suit in federal court under the federal court's admiralty jurisdiction, in federal court under diversity jurisdiction if the parties are diverse and the amount in controversy is satisfied, or in state court." *Ghotra by Ghotra,* 113 F.3d at 1054–55. Accordingly, the Ninth Circuit reversed a district court's holding that the plaintiff's claims under maritime law were only cognizable in admiralty because "the proper focus is on whether the suit could have been brought at 'common law,' that is, whether the court had an independent basis for jurisdiction and whether this was the type of claim that historically could be brought in state court or on the law side of the district court." [10] *Id.* at 1055 (granting jury trial on maritime law claims where diversity jurisdiction was present).

Similarly, courts have maintained that saving clause claims cannot be removed from state court absent a ground of federal jurisdiction other than admiralty jurisdiction. For example, the Eleventh Circuit held: "Thus, under the reasoning of *Romero,* a federal district court should not accept the removal of a saving clause case solely because of its general maritime nature: the maritime nature simply does not provide a ground for federal jurisdiction." *Armstrong v. Alabama Power Co.,* 667 F.2d 1385, 1388 (11th Cir.1982); *see also In re Chimenti,* 79 F.3d 534, 537 (6th Cir.1996) (finding that "admiralty and maritime claims are not removable to federal court unless there exists some *independent* basis, such as diversity of the parties, for federal jurisdiction."); *Morris,* 236 F.3d at 1069 (same). Additionally, courts have recognized that saving clause claims can be removed not only based on diversity jurisdiction, but also on other independent grounds of federal subject matter jurisdiction, such as federal maritime statutes. *See, e.g., Barker v. Hercules Offshore, Inc.,* 713 F.3d 208, 220 (5th Cir. 2013) (holding that the Outer Continental Land Shelf Act ("OCLSA") provides a basis for federal question jurisdiction in addition to admiralty jurisdiction, even when the plaintiff's OCLSA claims implicate general maritime law); *Servis v. Hiller Systems Inc.,* 54 F.3d 203, 206–07 (4th Cir.1995) ("Admiralty and maritime cases may, however, be removable to federal court when there exists some independent basis for federal jurisdiction, such as diversity of citizenship, or when federal jurisdiction is independently established by a federal maritime statute. The SAA [Suits in Admiralty Act] or PVA [Public Vessels Act] would provide just such an independent basis for federal jurisdiction ....").

---

**10.** *See also Linton v. Great Lakes Dredge & Dock Co.,* 964 F.2d 1480, 1487 (5th Cir.1992) ("Generally a plaintiff may elect to bring a maritime *in personam* action (1) 'in admiralty,' or (2) 'at law.' If the plaintiff elects to proceed 'in admiralty,' not only must he sue in federal court but he must also designate his federal claim as 'an admiralty and maritime claim' under Federal Rule of Civil Procedure 9(h).... On the other hand, if the plaintiff elects to proceed 'at law,' he has two options. First, he could sue on the 'law side' of the federal court ... if there exists an independent, nonadmiralty basis of jurisdiction.... Second, plaintiff could sue 'at law' in state court.") (internal punctuation and citations omitted).

Finally, since the decision in *Romero*, some courts have expressly stated that 28 U.S.C. § 1333 does not grant original jurisdiction over maritime claims brought on the law side of the court. For instance, a district court remanded a maritime claim originally brought in state court because "even if the identical facts would have supported a federal admiralty action in the first instance, the fact is that plaintiff brought this in state court as a *civil* action. That civil action, lacking diversity or a federal question as a basis for federal jurisdiction, could not have been brought originally in federal court." *Queen Victoria Corp. v. Ins. Specialists of Haw., Inc.*, 694 F.Supp. 1480, 1483 (D.Haw.1988). Similarly, a district court remanded a maritime claim brought in state court because a common law claim brought pursuant to the savings clause "is not now, and never was, a part of the admiralty jurisdiction within the exclusive grant of admiralty jurisdiction contained in § 1333" and there was no federal question or diversity jurisdiction over the claim. *J.J. Ryan & Sons, Inc. v. Cont'l Ins. Co.*, 369 F.Supp. 692, 697 (D.S.C.1974); *see also J. Aron & Co. v. Chown*, 894 F.Supp. 697, 699–700 (S.D.N.Y.1995) ("Fundamentally, the problem is that, once Aron elected to commence *Chown* as a common law action and not an admiralty action, there was no basis for a federal court to assert admiralty jurisdiction over *Chown* .... Thus, removal of *Chown* was improper because *Chown* was never a civil action over which the federal district courts have original jurisdiction."); *Vincent v. Regions Bank*, 808–CV1756–T–23EAJ, 2008 WL 5235114, at *1 (M.D.Fla. Dec. 15, 2008) ("The plaintiff's election to sue at common law in state court forever prevents the federal district courts from obtaining admiralty jurisdiction.").

### 3. Application to Plaintiff's Claims

As the preceding analysis shows, throughout the history of federal admiralty jurisdiction—from the Judiciary Act of 1789 through *Romero* and up to the present—courts have given no indication that maritime claims are cognizable on the law side of federal courts absent subject matter jurisdiction independent of 28 U.S.C. § 1333.

Turning to Plaintiff's claims, Section 1441(a) only permits removal of civil actions of which the district courts have "original jurisdiction." 28 U.S.C. § 1441(a). By definition, a party cannot bring a claim in admiralty in state court. *See Barker*, 713 F.3d at 222 ("[A]dmiralty jurisdiction is not present in this suit because Barker filed in state court, therefore invoking the saving-to-suitors exception to original admiralty jurisdiction."); *Linton v. Great Lakes Dredge & Dock Co.*, 964 F.2d 1480, 1487 (5th Cir.1992) ("Because admiralty jurisdiction is exclusively federal, a true 'admiralty' claim is never cognizable in state court.") As such, Plaintiff's claims for unseaworthiness, maintenance, cure, and lost wages filed in Washington state court are necessarily brought at law, not in admiralty.

But this court would not have had original jurisdiction over these claims at law had they initially been filed in federal court. As discussed above, 28 U.S.C. § 1333 alone does not provide federal subject matter jurisdiction over maritime claims on the law side of the court. *See Romero*, 358 U.S. at 369, 79 S.Ct. 468; *Ghotra by Ghotra*, 113 F.3d at 1054–55; *Queen Victoria*, 694 F.Supp. at 1483. The mere fact that these claims implicate general maritime law does not establish federal question jurisdiction under 28 U.S.C. § 1331. *Romero*, 358 U.S. at 386, 79 S.Ct. 468. As to diversity jurisdiction under 28 U.S.C. § 1332, it appears that both defen-

dants are residents of the state of Washington.[11] (*See* Compl. ¶¶ 2.2, 2.3; Mot. at 5.) Accordingly, even if the parties were diverse, because Defendants are residents of the state in which this action was initially filed, the forum defendant rule prevents removal on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Defendants provide no other bases on which this court could have exercised original jurisdiction over Plaintiff's saving clause claims. *See Abrego Abrego,* 443 F.3d at 684 (stating the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Because Plaintiff could not have brought his maritime claims on the law side of the court in the first place, removal is not now appropriate.

Of course, this court could have exercised original jurisdiction over Plaintiff's claims in admiralty had they been so filed. *See* 28 U.S.C. § 1333 (2012). The argument can be made that therefore Plaintiff's claims are now removable to the admiralty side of the court. However, such a result would vitiate the saving to suitors clause, which saves to plaintiffs the ability to proceed on their claims at law, instead of in admiralty. *See Lewis,* 531 U.S. at 445, 121 S.Ct. 993; *Wilmington Trust,* 934 F.2d at 1029. Not only would removal interfere with the balance of judicial power between federal and state courts upheld in *Romero,* but it would deprive the plaintiff of his long-recognized choice of remedies, including, potentially, his right to a jury trial.[12] *See J.J. Ryan & Sons,* 369 F.Supp. at 696; *Ghotra by Ghotra,* 113 F.3d at 1055–56. It is true that a few courts have found that a failure to object to removal of maritime claims waives the right to remand and effectively converts a plaintiff's claims at law into claims at admiralty. *See Morris,* 236 F.3d at 1069. That situation, however, is not currently before the court; Plaintiff has timely objected to the removal of his claims. Due to Plaintiff's stated desire to invoke the protections of the saving to suitors clause, and in light of *Romero* and its progeny's emphasis on the significance of the clause, the court finds that removal to the court's admiralty jurisdiction is not appropriate.

Tradition aside, the court is aware that the practical justifications for continuing to strictly delineate between the federal court's "admiralty" and "in law" jurisdiction have greatly diminished over the years. To wit: the admiralty and law dockets have been merged for almost half a century, the Federal Rules of Civil Procedure apply to both types of claims, the same substantive rights and remedies are

---

11. Although Plaintiff's complaint establishes only that each Defendant is "a corporation or some other legal entity licensed to do and doing business in the State of Washington" (Compl. ¶ 2.2, 2.3), Plaintiff asserts that "[i]t is undisputed that defendants are citizens of the State of Washington" for the purposes of diversity jurisdiction. (Mot. at 5.) Defendants, who bear the burden of showing jurisdiction, do not dispute this assertion. (*See generally* Resp.)

12. In federal court, Federal Rule of Civil Procedure 38(e) provides that claims within the admiralty jurisdiction of the court are not guaranteed a jury trial. Fed.R.Civ.P. 38(e). Plaintiff's right to jury trial in state court depends on Washington civil procedure. *Linton,* 964 F.2d at 1487. Defendant argues that Plaintiff has not yet requested a jury trial. (Not. of Rem. at 2.) It is not, however, clear that Plaintiff's ability to request a jury trial is foreclosed: Washington Civil Rule 38 provides that a party may demand a jury any time "at or prior to the time the case is called to be set for trial." Wa. R.Super. Ct. CR 38.

applicable to both types of in personam claims, and the ascendance of substantive federal general maritime law vis-à-vis state maritime law has only increased. *See Wilmington Trust,* 934 F.2d at 1029 (merger of admiralty and law); Fed.R.Civ.P. 1 (Federal Rules of Civil Procedure applicable to all civil claims); *Carlisle Packing,* 259 U.S. at 259, 42 S.Ct. 475 (same general maritime law applied in cases in admiralty and at law); *Offshore Logistics,* 477 U.S. at 222–23, 106 S.Ct. 2485 (under the "reverse-*Erie*" doctrine, application of state maritime law must not conflict with federal maritime law). Indeed, courts' reluctance to permit removal of maritime cases has been criticized as an overly formalistic adherence to an out-dated and inefficient mode of administering maritime law. *See, e.g.,* Steven F. Friedell, *The Disappearing Act: Removal Jurisdiction of an Admiralty Claim,* 30 Tul. Mar. L.J. 75 (2006) (arguing that there is no practical reason to prevent removal of claims within the court's admiralty jurisdiction); *Romero,* 358 U.S. at 410, 79 S.Ct. 468 (Brennan, J., dissenting) (questioning the necessity of protecting state courts' limited role in the development of maritime law); *but see* Rory Bahadur, *Maritime Removal: An Unlikely Heuristic for Anchoring Three Non–Textual Principles of Original Federal Jurisdiction,* 43 J. Mar. L. & Com. 195 (2012) (arguing in favor of adhering to tradition).

The court declines to join this debate. At the end of the day, this court's role is to adhere to the precedent before it. In this order, the court seeks to give effect to not only the judiciary's long-standing interpretation of the savings clause of Section 1333, but also the considerations expressed in *Romero* and echoed in later cases precluding removal of savings clause claims. In doing so, the court does not comment on the continued viability of these considerations or the expediency of the end result.

Rather, the court remains mindful that "[a]t the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." *Libhart,* 592 F.2d at 1064. As such, "statutes extending federal jurisdiction ... are narrowly construed," *Phillips,* 403 F.2d at 828, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," *Gaus,* 980 F.2d at 566. In light of these principles, the court concludes that federal jurisdiction over Plaintiff's general maritime claims does not lie.

**B. Jones Act Claim**

■ In addition to his claims under general maritime law, Plaintiff also brings a claim under the Jones Act, 46 U.S.C. § 30104 *et seq.* (Compl. ¶ 5.1.) The Jones Act provides to any "seaman injured in the course of employment" a cause of action against her employer. 46 U.S.C. § 30104. The Jones Act incorporates the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq. *See* 46 U.S.C. § 30104 ("Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section.") Pursuant to 28 U.S.C. § 1445, FELA actions brought in state court are nonremoveable. 28 U.S.C. § 1445(a) ("A civil action in any State court ... arising under ... 45 U.S.C. 51–54, 55–60[ ] may not be removed to any district court of the United States.") Therefore, a Jones Act claim "is not subject to removal to federal court even in the event of diversity of the parties." *Lewis,* 531 U.S. at 455, 121 S.Ct. 993.

Defendants concede that "[g]enerally speaking, Jones Act claims are nonremoveable." (Resp. at 5; *see also id.* at 9.) Nonetheless, Defendants argue that Plaintiff's Jones Act claim is removable in this situation because (1) Plaintiff's general

maritime claims are removable, and (2) Section 1441(c), which ordinarily requires nonremovable claims to be severed and remanded to state court, does not apply to combinations of claims in which one claim falls under the court's admiralty jurisdiction.[13] (*See* Resp. at 10–12). Because the court finds that Plaintiff's general maritime claims are not removable, Defendant's argument necessarily fails at step one. Plaintiff's Jones Act claim is not removable. *Lewis,* 531 U.S. at 455, 121 S.Ct. 993.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiffs' motion for remand. (Dkt. #10.) The court ORDERS that:

1. Pursuant to 28 U.S.C. §§ 1447(c) and 1447(d), all further proceedings in this case are REMANDED to the Superior Court for King County in the State of Washington;

2. The Clerk of the Court shall send copies of this order to all counsel of record for all parties;

3. Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of the order of remand to the Clerk of the Court for the Superior Court for King County, Washington;

4. The Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the Superior Court for King County, Washington;

5. The parties shall file nothing further in this matter, and instead are in-structed to seek any further relief to which they believe they are entitled from the courts of the State of Washington, as may be appropriate in due course; and

6. The Clerk of the Court shall CLOSE this case.

---

**13.** Specifically, Section 1441(c) provides
(1) If a civil action includes—
(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.
28 U.S.C. § 1441(c) (2012).